THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDGAR GUERRERO APODACA,<br><br>        Plaintiff,<br><br>    v.<br><br>EATON CORPORATION,<br><br>        Defendant. | CASE NO. C20-1064-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Eaton Corporation's motion to dismiss (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.  **BACKGROUND**

On December 17, 2019, Plaintiff Edgar Guerrero Apodaca was working in an electrical vault containing a bus plug designed and manufactured by Eaton Corporation. (*See* Dkt. 1-1 at 4.) At some point, the bus plug exploded even though nobody was touching it and Mr. Guerrero Apodaca was standing approximately three feet away. (*Id.* at 2–3.) A few seconds later "a second explosion occurred." (*Id.* at 3.) Mr. Guerrero Apodaca was severely burned and has experienced "anxiety, depression, . . . tremors, [and] nightmares" since the incident. (*Id.* at 3.)

Mr. Guerrero Apodaca alleges that Eaton Corporation is liable for his injuries because it

violated Washington's Product Liability Act ("WPLA"), Wash. Rev. Code § 7.72.030, and "is also liable under the theory of *res ipsa loquitur*." (*Id.* at 4.) Eaton urges the Court to dismiss the complaint for three reasons: (1) Mr. Guerrero Apodaca's complaint simply recites the elements of various WPLA claims without alleging facts "about the alleged defects in the product that could have caused the explosion or the warnings that accompanied the product," (Dkt. No. 11 at 5); (2) if Mr. Guerrero Apodaca intends to assert a separate negligence claim based on *res ipsa loquitur*, it is preempted, and even if not, the Court should strike the *res ipsa loquitur* allegations, (*see id.* at 5–8); and (3) Mr. Guerrero Apodaca failed to adequately plead proximate cause, (*see* Dkt. No. 16 at 3–4).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

Under the WPLA, a manufacturer may be liable for a design defect, manufacturing defect, failure to warn, or breach of warranty. *See* Wash. Rev. Code § 7.72.030(1)–(2). Mr. Guerrero Apodaca purports to assert claims based on a design defect, a manufacturing defect, a failure to warn, and, potentially, common law negligence claims based on *res ipsa loquitur*. Eaton argues that Mr. Guerrero Apodaca has failed to adequately plead any of these claims.

### A.   Design Defect

To prove a design defect claim under the WPLA, a plaintiff must establish that a manufacturer's product was not reasonably safe as designed, and that the product proximately

caused the plaintiff's harm. Wash. Rev. Code § 7.72.030(1). A plaintiff may prove that a product was not reasonably safe as designed by resorting to either a risk-utility test or a consumer expectations test. *See Falk v. Keene Corp.*, 782 P.2d 974, 980 (Wash. 1989). The risk-utility test is a balancing test that compares the risk of the harm the plaintiff suffered with the costs of designing the product differently to avoid that harm. Thus, "if, at the time of manufacture, the likelihood that the product would cause the [plaintiff's] harm or similar harms, and the seriousness of those harms, outweighed the burden on the manufacturer to design a product that would have prevented those harms and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the product," the manufacturer is liable. Wash. Rev. Code § 7.72.030(1)(a). Alternatively, the plaintiff may prove that the product was not reasonably safe by resorting to the consumer expectations test, which requires showing that "the product was unsafe to an extent beyond that which would be contemplated by the ordinary consumer." Wash. Rev. Code § 7.72.030(3).

Eaton argues that Mr. Guerrero Apodaca's complaint is deficient because it does not include any facts "about the alleged defects in the product that could have caused the explosion." (Dkt. No. 11 at 5.) The Court agrees in part. A plaintiff relying on the risk-utility test to establish a design defect must prove the existence of an alternative design that was practical and feasible and that would have prevented plaintiff's harm. Wash. Rev. Code § 7.72.030(1)(a); *see also Ruiz-Guzman v. Amvac Chem. Corp.*, 7 P.3d 795, 800 (Wash. 2000). Thus, a plaintiff must make some effort to identify in the complaint what aspect of the product the manufacturer could have changed to prevent the plaintiff's harm. In other words, a plaintiff must "allege [the] design elements that led to the alleged harm." *Staub v. Zimmer, Inc.*, 2017 WL 2506166, slip op. at 3 (W.D. Wash. 2017); *compare id.* (dismissing complaint because it failed "to allege any design elements that led to the alleged harm"), *with Trautt v. Keystone RV Co.*, 2020 WL 4539200, slip op. at 3 (W.D. Wash. 2020) (complaint identifying specific aspects of the product that could have been changed, including "the use of particle board for the table top, the table top was too

small, the table top has rounded (as opposed to a squared) edge, and the table seats were not adequately fastened to the floor in a critical spot" was sufficient).[1]

As the preceding cases demonstrate, a plaintiff need not include "detailed factual allegations," *Twombly*, 550 U.S. at 555, about the alternative design but must at least identify the substance of the changes the manufacturer could have made, just as is required for a claim based on an alternative warning. *Cf. Ayers ex rel. Ayers v. Johnson & Johnson Baby Prods. Co.*, 818 P.2d 1337, 1342, 1345 (Wash. 1991) (holding that to prove a failure to warn claim based on an alternative warning a plaintiff need not "establish the exact wording of the alternative warning" but must "specif[y] the substance of the warning" and that the WPLA's alternative design and alternative warning provisions should be interpreted similarly).

Mr. Guerrero Apodaca's complaint simply parrots the statute without alleging how Eaton Corporation could have designed the bus plug differently to prevent his harm. Therefore, Mr. Guerrero Apodaca's complaint fails to state a design defect claim based on the risk-utility test.

Although Mr. Guerrero Apodaca fails to adequately plead a design defect claim based on the risk-utility test, Mr. Guerrero Apodaca does adequately plead a design defect claim based on the consumer expectations test. Washington courts have held that in certain circumstances a plaintiff is not required to identify "the exact flaw" in a product because "the type of accident itself may establish a defect using a consumer's expectation test." *Pagnotta v. Beall Trailers of*

---

[1] The Court arguably applied a different standard in two recent cases, requiring a plaintiff to "describe[e] *how* the product failed," but not requiring the plaintiff to identify the design element that caused the failure or otherwise plead how the manufacturer could have changed the product. *Frisvold v. Pentair Filtration Sols. LLC*, 2017 WL 3236972, slip op. at 2 (W.D. Wash. 2017) (complaint alleging product failed "due to interior fractures in the filter's housing" was sufficient); *Olympic Air, Inc. v. Helicopter Tech. Co.*, 2020 WL 6381810, slip. op. at 2 (W.D. Wash. 2020) (complaint alleging helicopter blade "fail[ed] due to the blade disbanding at the roof fitting" was sufficient). This standard appears to allow a plaintiff to state a claim by identifying physical damage to a product without identifying the aspect of the product's design that caused the damage. Given the WPLA's focus on a product's design, the Court agrees with the Court's holding in *Staub* that a plaintiff must identify the design element that caused the plaintiff's harm. Regardless, Mr. Guerrero Apodaca's design defect allegations do not satisfy even the *Frisvold* standard.

*Or., Inc.*, 991 P.2d 728, 733 (Wash. Ct. App. 2000). In other words, "there are some accidents as to which there is common experience dictating that they do not ordinarily occur without a defect, and as to which the inference that a product is defective should be permitted." *Bombardi v. Pochel's Appliance & TV Co.*, 518 P.2d 202, 204 (Wash. Ct. App. 1973). In *Bombardi*, the Washington Court of Appeals held that a jury could have reasonably concluded that the consumer expectations test was met when a television spontaneously caught fire at 5:45 a.m. while it was off and while the homeowners were asleep, *see id.* at 204–05, even though the plaintiffs were unable to identify "any particular part that malfunctioned, since the set was destroyed beyond any testing or examination," *id.* at 202. Seven years later, the Court reached a similar conclusion in a case in which a fuse exploded and "much of the equipment [was] destroyed in the explosion, [so] the evidence pointing to a defect was by necessity circumstantial." *Bich v. General Elec. Co.*, 614 P.2d 1323, 1327 (Wash. Ct. App. 1980). Mr. Guerrero Apodaca alleges that an ordinary consumer would not expect a bus plug to "violently explode[] during normal use." (Dkt. No. 1-1 at 4.) Based on the cases cited above, this is sufficient to state a plausible claim for a design defect under the consumer expectations test.

### B. Manufacturing Defect

The Court's analysis with respect to Mr. Guerrero Apodaca's manufacturing defect claim mirrors its design defect analysis. It is unclear whether Mr. Guerrero Apodaca seeks to allege a manufacturing defect claim under Section 2(a). To the extent he does, Mr. Guerrero Apodaca's complaint fails to plead facts showing that "the product deviated in some material way from the design specifications or performance standards of the manufacturer[] or deviated in some material way from otherwise identical units of the same line." Wash. Rev. Code § 7.72.030(2)(a). But, as described above, Mr. Guerrero Apodaca adequately states a manufacturing defect claim under the consumer expectations test.

### C. Failure to Warn

A plaintiff may establish a failure to warn claim under the WPLA in two ways. First,

the plaintiff may prove that the product that proximately caused the plaintiff's injuries was not reasonably safe because the manufacturer did not provide adequate warnings at the time of manufacture. *See* Wash. Rev. Code § 7.72.030(1)(b). Second, a plaintiff may also prove that a product was not reasonably safe because the manufacturer did not exercise reasonable care to provide adequate warnings *after* the product was manufactured. *See* Wash. Rev. Code § 7.72.030(1)(c). Mr. Guerrero Apodaca purports to assert both claims.

### 1. Failure to Warn at the Time of Manufacture

With respect to his failure to warn claim, Mr. Guerrero Apodaca alleges that "[t]he Bus Plug was not reasonably safe because adequate warnings were not given about the risks, dangers, and harms presented by a possible explosion under normal use." (Dkt. No. 1-1 at 4.) Eaton argues that Mr. Guerrero Apodaca failed to adequately plead his failure to warn claim because he failed to plead "any facts . . . about . . . the warnings that accompanied the product." (Dkt. No. 11 at 5.) But a plaintiff pursuing a failure to warn claim is not required to plead "the exact wording of the alternative warning." *Ayers*, 818 P.2d at 1342. Instead, the plaintiff is only required to "specif[y] the substance of the warning." *Id.* In *Ayers*, the Washington Supreme Court held that a plaintiff met this standard when the plaintiff argued that a baby oil manufacturer should have "warned of the dangers of aspirating baby oil." *Id.* Mr. Guerrero Apodaca meets that standard here. Although Mr. Guerrero Apodaca does not provide the exact wording of an alternative warning, he adequately alleges the substance of the warning when he alleges that Eaton Corporation should have warned "about the risks, dangers, and harms presented by a possible explosion under normal use." (Dkt. No. 1-1 at 4.)

### 2. Failure to Warn After Manufacture and *Res Ipsa Loquitur*

"The WPLA is the exclusive remedy for product liability claims." *Macias v. Saberhagen Holdings, Inc.*, 282 P.3d 1069, 1073 (Wash. 2012). "It supplants all common law claims or actions based on harm caused by a product," including negligence claims. *Id.* at 1073–74. Accordingly, Eaton argues that to the extent Mr. Guerrero Apodaca attempts to assert a common

law negligence claim based on *res ipsa loquitur* it is preempted by the WPLA and should be dismissed. (*See* Dkt. No. 11 at 6–7.) Eaton is correct. However, in response to Eaton's motion to dismiss, Mr. Guerrero Apodaca clarifies that his *res ipsa loquitur* allegations are included only to support "his post-manufacture liability claims under RCW 7.72.030(1)(c)," not to attempt to state a separate cause of action. (Dkt. No. 15 at 7.)

A significant portion of the parties' briefing is devoted to whether Mr. Guerrero Apodaca may invoke *res ipsa loquitur*, but the Court need not resolve that dispute now because Mr. Guerrero Apodaca's complaint suffers from a more fundamental deficiency: it does not assert a claim based on Eaton Corporation's alleged failure to warn after manufacture.

Unlike the other WPLA claims discussed thus far, a failure to warn claim based on a manufacturer's failure to warn *after* manufacture "embraces a negligence standard" rather than a strict liability standard. *Ayers*, 818 P.2d at 1346. Under the WPLA, a manufacturer is liable for failing to warn after manufacture only if the manufacturer does not exercise reasonable care to inform product users of a danger connected with the product that the manufacturer learned about or that a reasonably prudent manufacturer would have learned about *after* it was manufactured. Wash Rev. Code § 7.72.030(1)(c). Mr. Guerrero Apodaca's complaint does not even mention a failure to warn after manufacture, much less allege any facts showing that Eaton Corporation learned of a danger after manufacture or that a reasonably prudent manufacturer would have learned of a danger after manufacture. Since the only purpose of Mr. Guerrero Apodaca's *res ipsa loquitur* allegations is to support a purported post-manufacture failure to warn claim that was not pled, the Court need not address the parties' *res ipsa loquitur* arguments.

### D.     Proximate Cause

"[A]rguments raised for the first time in a reply brief are waived." *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Eaton Corporation's arguments regarding proximate cause were raised for the first time in its reply brief, so the Court declines to address them. (*See* Dkt. No. 16 at 3–4.)

## IV. CONCLUSION

For the foregoing reasons, Eaton Corporation's motion to dismiss (Dkt. No. 11) is GRANTED in part and DENIED in part. Mr. Guerrero Apodaca's claim based on a failure to warn at the time of manufacture survives entirely, as do his design defect and manufacturing defect claims based on the consumer expectations test. The remaining claims are DISMISSED without prejudice. In summary:

1. Plaintiff's design defect claim based on the risk-utility test (Section 1(a)) is DISMISSED without prejudice.
2. To the extent Plaintiff intends to assert a manufacturing defect claim based on a deviation in construction (Section 2(a)), it is DISMISSED without prejudice.
3. Plaintiff did not plead a failure to warn claim based on Eaton Corporation's alleged failure to warn after manufacture (Section 1(c)).

Within fourteen days from the date of this order, Mr. Guerrero Apodaca may file an amended complaint addressing the deficiencies identified above. The Court does not grant leave to amend the complaint in any other way.

DATED this 19th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE