UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDGAR GUERRERO APODACA,<br><br>  Plaintiff,<br>  v.<br><br>EATON CORPORATION,<br><br>  Defendant.<br><br>DAVID FITZPATRICK, and RYAN MCDADE,<br><br>  Intervenor-Plaintiffs,<br>  v.<br><br>EATON CORPORATION,<br><br>  Intervenor-Defendant | CASE NO. 2:20-cv-01064-TL<br><br>ORDER DENYING DISCOVERY SANCTIONS |

This matter is before the Court on Plaintiffs' Motion for Sanctions against Defendant Eaton.[1] Dkt. No. 58. Plaintiffs were injured while working on a construction site when a piece of electrical equipment manufactured by Defendant Eaton Corporation ("Eaton") exploded. Dkt. Nos. 21, 25. Plaintiffs' suits raise manufacturing and design defect claims, as well as a failure to warn claim. *Id*. Defendant raises several affirmative defenses, including contributory fault. Dkt. Nos. 22, 28. Plaintiffs move to exclude evidence, and related testimony at trial, which they claim

---

[1] Plaintiff Edgar Guerrero Apodaca and Intervenor-Plaintiffs David Fitzpatrick and Ryan McDade jointly filed this motion. *See* Dkt Nos. 58. However, only Intervenor-Plaintiffs filed a reply (Dkt. No. 78) to Defendant's response in opposition to the motion (Dkt. No. 66). Throughout this Order, the Court will collectively refer to the moving parties as "Plaintiffs" unless otherwise specified.

ORDER DENYING DISCOVERY SANCTIONS - 1

1  was impermissibly concealed and delayed by Eaton during discovery. Dkt. No. 58. Having

2  reviewed the briefing and the relevant record, and finding oral argument unnecessary, *see*

3  LCR 7(b)(4), the Court DENIES Plaintiffs' request for sanctions.

4      On December 17, 2019, Plaintiffs were injured in an arc flash explosion emanating from

5  a 200 ampere Pow-R-Way III bus plug manufactured by Eaton. At the time, Plaintiffs were all

6  employed by Cochran Inc., the electrical contractor for the construction project where they were

7  working when the incident occurred.[2]

8      Plaintiffs allege that, in its responses to Plaintiffs' initial discovery requests, Eaton failed

9  to disclose the identities of potential witnesses with knowledge of the investigative efforts Eaton

10 made directly after and in response to the incident and that Eaton also concealed their identities

11 until responding to supplemental discovery requests shortly before the discovery cutoff.

12 Specifically, Plaintiffs identify the following initial discovery requests from Mr. Apodaca to

13 which they believe Eaton provided insufficient responses:

> INTERROGATORY NO. 1: Please identify all persons known to you or your attorneys or other agents or representatives as having knowledge of facts pertaining to this lawsuit. This interrogatory is intended to include persons with knowledge of facts pertaining to liability and damages. (Please refer to the definition of "identify" above.)
>
> INTERROGATORY NO. 7: Please identify those employees of defendant on duty on December 17, 2019 at 1201 Third Avenue, Seattle, Washington, stating their positions and shift hours. (Please refer to the definition of "identify" above).
>
> INTERROGATORY NO. 8: If you conducted any investigation into the incident, identify the person(s) who made the investigation and any reports prepared regarding the investigation. (Please refer to the definition of "identify" above.)

---

[2] A more comprehensive statement of facts is included in the Court's Order on Plaintiffs' motion for partial summary judgment filed concurrently with this Order.

ORDER DENYING DISCOVERY SANCTIONS - 2

> REQUEST FOR PRODUCTION NO. 3: Please produce a copy of any and all documents referred to in your answer to the preceding interrogatory no. 8.

*See* Dkt. No. 58 at 4; *see also* Dkt. No. 60 at 514, 519–20. Plaintiffs also identify the following requests from Mr. Fitzpatrick:

> INTERROGATORY NO. 13: State the name, current address and telephone number of every person, not previously identified in answers to these interrogatories, known to you who has any knowledge regarding the facts surrounding the subject incident and/or the injuries and damages suffered by any of the plaintiffs.

*See* Dkt. No. 58 at 5; *see also* Dkt. No. 60 at 362. Plaintiffs characterize this set of discovery requests as intending to "gather all facts concerning Eaton's response, investigation, and reporting on the Incident." Dkt. No. 58 at 9. After Eaton's initial responses to discovery, Plaintiffs learned that Eaton had extensive communications with Cochran regarding the incident, through which Plaintiffs learned the names of several individuals involved in those communications who were not previously disclosed. Dkt. No. 58 at 2–3, 5–8. Additionally, Plaintiffs learned that an Eaton employee, Matt Egan, arrived at the site shortly after the incident occurred at the request of Cochran, even though Defendant had stated that no Eaton employees were on-site when the incident occurred. *Id.* Plaintiffs also learned that Eaton had engaged its "CQM" process in response to the incident. *Id.* Plaintiffs appear to admit that Eaton eventually disclosed much of the allegedly concealed information in its supplemental responses submitted near the close of discovery after the Parties conferred and worked to resolve disputes regarding objections Eaton raised in its initial responses. Dkt. No. 78 at 2; *see also* Dkt. No. 66 at 5.

As an initial matter, the Court notes that Plaintiffs filed this motion more than a month after the deadline the Court set for all discovery-related motions in this case. *See* Dkt No. 41. Thus, Plaintiffs must show good cause and excusable neglect for the Court to extend the motions

deadline. Fed. R. Civ. P. 6(b)(1)(B). Otherwise, per Section II.G. of Judge Lin's Standing Order in all Civil Cases, "[u]ntimely briefs or responsive pleadings may be summarily denied, stricken, or ignored."

Without acknowledging the Court's deadline or their burden under Rule 6, Plaintiffs claim that "[t]he timing of this Motion is driven by Eaton's late supplementation of discovery." Dkt. No. 78 at 4. Plaintiffs provide no explanation as to why they never filed a motion to compel, especially as they claim that they only received objections to their July 9, 2021, discovery requests. *See* Dkt No. 58 at 5. It is unusual for counsel not to try to resolve all potential disputes regarding fact discovery before the start of expert discovery so that the experts can access all relevant information. Instead, Plaintiffs waited until June 2022 to begin conferring with Eaton regarding its objections. Dkt. No. 66 at 5. There is no dispute that Eaton timely supplemented its responses to Plaintiffs' requests as agreed upon by the Parties during this period.³ *Id.* at 6; Dkt. No. 78 at 2. Plaintiffs further claim that they only learned of the allegedly concealed information through the depositions of the only fact witness Plaintiffs' sought testimony from and Eaton's 30(b)(6) witness. Dkt. No. 78 at 2. Both of those depositions occurred in October 2022. *Id.* Plaintiffs emphasize that the depositions were timely, as they occurred before the discovery

---

³ The Court notes that Eaton claims it disclosed Mr. Egan and several other Eaton employees and third-parties with potential knowledge as early as July 2022 in its supplemental responses per the Parties agreement after conferring in June 2022. Dkt. No. 66 at 7, n.3. Eaton includes a cite to page 37 of Exhibit E of the declaration of Kelly H. Sheridan. *Id.* The cited document on the docket only includes 17 pages. *See* Dkt. No. 67-5. Additionally, it does not include the additional disclosures Eaton claims. *Id.* Eaton also claims that the September 30, 2022, supplemental disclosure to which Plaintiffs refer as the first time Mr. Egan et al. were disclosed is misleading because the document is an additional supplementation, but the specific disclosure occurred earlier (presumably in July 2022). *See* Dkt. No. 66 at 7, n.3. A review of the document cited to by Plaintiffs does appear to corroborate Eaton's claim: the disclosure in question is listed as Eaton's "Supplemental Answer" but is followed by a "Further Supplemental Answer," indicating that the "Supplemental Answer" was served at an earlier time. *See* Dkt. No. 60 at 459–60. Unfortunately, there is no evidence currently before the Court to corroborate Eaton's claimed July 2022 disclosure date. Regardless of when the disclosure was made, though, Plaintiffs do not appear to argue that any of Eaton's responses were untimely per deadlines imposed by the Court, the federal rules, or the Parties' own informal negotiations.

ORDER DENYING DISCOVERY SANCTIONS - 4

cutoff (*id.* at 3, n.2), but Plaintiffs do not provide any explanation for why these depositions could not have been scheduled earlier. Eaton cannot be held responsible for the timing of Plaintiffs' discovery requests and depositions. Plaintiffs were aware of the September 2022 discovery motion deadline, and they do not even attempt to argue that their discovery strategy, waiting until at or near that deadline to seek supplemental responses and until after that deadline to schedule depositions, constitutes excusable neglect.

Even if the motion had been timely filed, Plaintiffs seek relief that far exceeds the motion's allegations. Despite Plaintiffs' attempts to exaggerate the nature of the evidence they wish to exclude, Eaton has provided sufficient justification for its responses and supplemental responses. For example, Eaton describes its Customer Quality Management ("CQM") system as a "warranty database" used to track "potential warranty and replacement part issues." Dkt. No. 66 at 8. Even if Plaintiffs only learned about the existence of Eaton's CQM process through its late discovery activities, Plaintiffs fail to rebut Eaton's explanation for why it concluded that the CQM information was not related to its "response, investigation, and reporting on the Incident." Dkt. No. 58 at 9 (quoting Plaintiffs' description of the evidence they were seeking with their initial discovery requests). Nothing in the late depositions of the Eaton witnesses conflicts with Eaton's explanation. *See* Dkt. No. 66 at 8–9; *see also* Dkt. Nos. 67-6, 67-7. Further, Plaintiffs fail to dispute Eaton's explanation that neither Mr. Egan, nor any other Eaton employee, were on-site when the incident occurred, and that Mr. Egan (a sales representative) never acted in an investigatory capacity related to the incident, but instead acted as a liaison between Eaton and Cochran in a customer relations capacity. Dkt. No. 66 at 6–8. Thus, Eaton's failure to include information about Mr. Egan or the CQM process and related materials in its 2021 responses to Plaintiffs' initial discovery requests was consistent with Eaton's interpretation of the relevant facts at issue.

Plaintiffs then had more than a year to delve into Eaton's initial discovery responses and objections. It is undisputed that Eaton met its obligations to timely respond to all properly propounded discovery requests, supplemented its responses as required, and participated in good faith when Plaintiffs eventually attempted to confer regarding the responses—all within the allotted discovery period. It is further clear that Plaintiffs had enough information to thoroughly question the two Eaton witnesses regarding Eaton's investigatory efforts during the thirteenth-hour scheduled depositions. *See* Dkt. No. 58 at 5–8. Thus, Plaintiffs' request to exclude "any evidence concerning [Eaton's] investigation" and any "criticism of the investigation . . . [including] any alleged failure to gather evidence" (Dkt. No. 58 at 13), is patently excessive on these facts.

Consequently, the Court FINDS that Plaintiffs fail to show good cause for extending the discovery motion deadline and DENIES their motion for sanctions (Dkt. No. 58) against Eaton.

Dated this 31st day of January 2023.

Tana Lin
United States District Judge