1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

EDGAR GUERRERO APODACA,

12

Plaintiff(s),

v.

13

EATON CORPORATION,

14

Defendant(s).

15

CASE NO. 2:20-cv-01064-TL

ORDER REGARDING
MOTIONS *IN LIMINE*

16

17        This matter comes before the Court on the Parties' motions *in limine*. Dkt. Nos. 101, 103.

18   Having considered the relevant record and the Parties' oral argument, the Court hereby GRANTS

19   in part, DENIES in part, and RESERVES RULING in part the motions *in limine* as explained below.

20                              I.        BACKGROUND

21        This is a product liability case arising out of injuries that Plaintiffs David Fitzpatrick and

22   Ryan McDade sustained from a December 17, 2019, arc flash explosion from a bus plug, an

23   industrial electrical equipment manufactured by Defendant Eaton Corporation. Dkt. No. 25 at 3–

24   5. Defendants removed the case to federal court on the basis of diversity jurisdiction. Dkt. No. 1.

1    The case is scheduled for a jury trial beginning on March 6, 2023. Dkt. No. 41 (trial

2   schedule order). In advance of trial, the Parties filed their respective motions *in limine* (Dkt. Nos.

3   101, 103) and have responded to each other's motions (Dkt. Nos. 116, 118). The Court shared its

4   preliminary rulings on the motions *in limine* and heard the Parties' oral argument during the pre-

5   trial conference  held on February 24, 2023. Dkt. No. 135. The motions are now fully briefed,

6   argued, and before the Court for its consideration.

**II.    LEGAL STANDARD**

8    "A motion in limine is a procedural mechanism to limit in advance testimony or evidence

9   in a particular area . . . so that admissibility is settled before attempted use of the evidence before

10   the jury." *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009) (citation omitted).

11   While the Federal Rules of Evidence ("FRE") do not explicitly permit motions *in limine*, they are

12   a part of a "district court's inherent authority to manage the course of trials." *Luce v. United*

13   *States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence

14   at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred

15   until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the

16   appropriate context. *E.g.*, *United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A

17   motion *in limine* should not be used to resolve factual disputes or weigh evidence. *E.g.*,

18   *Westboro Condo. Ass'n v. Country Cas. Ins. Co.*, No. C21-685, 2023 WL 1928170, at *1 (W.D.

19   Wash. Feb. 10, 2023). A court's ruling on a pre-trial motion *in limine* is preliminary and can be

20   revisited at trial based on the facts and evidence as they are actually presented. *See, e.g., City of*

21   *Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (noting a court may change

22   its *in limine* ruling at trial if testimony brings unanticipated facts to the court's attention).

23

24

### III.    DISCUSSION

Because many of the Parties' motions *in limine* reference Federal Rules of Evidence ("FRE") 401, 402, and 403, the Court lays out the three rules here:

**FRE 401.    Test for Relevant Evidence**

Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

**FRE 402.    General Admissibility of Relevant Evidence**

Relevant evidence is admissible unless any of the following provides otherwise:
- the United States Constitution;
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Irrelevant evidence is not admissible.

**FRE 403.    Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons**

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

In short, evidence is generally admissible at trial if it is relevant, unless the probative value of such evidence is substantially outweighed by such unwanted dangers as unfair prejudice or misleading the jury. "Unfair prejudice" means "the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Heyne v. Caruso*, 69 F.3d 1475, 1481 (9th Cir. 1995) (quoting *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988)).

**A.**   **Plaintiffs' Motions *in Limine***

Plaintiffs bring 47 motions *in limine*. Dkt. No. 103. Defendant does not oppose 19 of the motions and opposes the rest. Dkt. No. 118. The Court's ruling on Plaintiffs' motions are as follows:

| # | Motion | Ruling | Reasoning |
|---|--------|--------|-----------|
| 1 | Exclusion of Evidence Regarding Insurance | Granted | Stipulated |
| 2 | All Parties Should be Required to Provide Twenty-Four Hours' Notice to Opposing Counsel of Their Intent to Call Witnesses at the Time of Trial | Granted | Stipulated, with the clarification that all witnesses to be called must be disclosed to opposing counsel at or before 9 a.m. the day before the witnesses are called. *See also* Defendants' #8. |
| 3 | Exclusion of All Non-Party Witnesses from the Courtroom During the Course of Trial | Granted / Denied[1] | Stipulated as to nonparty lay witnesses. <br><br> Expert witnesses will be permitted to attend as a general rule, but the Court is willing to entertain witness-specific motions at trial, if raised. *See* FRE 615(c); *see also W. Towboat Co. v. Vigor Marine, LLC*, No. C20-416, 2021 WL 2641521, at *8 (W.D. Wash. June 25, 2021) (noting the "low bar" for establishing the FRE 615(c) exemption for "expert witnesses that need to hear the testimony of factual witnesses in order to properly provide opinion evidence" (quoting *Stevenson v. Holland*, 504 F. Supp. 3d 1107 (E.D. Cal. 2020)). |
| 4 | Prohibition for a Witness to Comment on the Credibility of Other Witnesses | Granted | Stipulated |

---

[1] Granted in part and denied in part, as explained in the Reasoning column.

| 5 | Prohibition of Display of Any Exhibit or Demonstrative Evidence until the Exhibit Has Been Shown to Opposing Counsel and Permission by the Court Has Been Obtained to Use Any Such Exhibit | Granted | Stipulated |
|---|---|---|---|
| 6 | Duty to Inform Witnesses of Motion In Limine Orders Relevant to Them | Granted | Stipulated |
| 7 | Exclusion of Non-Disclosed Witnesses | Granted | Stipulated |
| 8 | Prohibition of References to Litigation Strategy, Tactics, or Motions | Granted | Stipulated. *See also* Defendants' #7. |
| 9 | Prohibition of Evidence Offered by Eaton To Support a "State of the Art" Defense | Granted | Stipulated |
| 10 | Exclusion of References to Settlement Negotiations | Granted | Stipulated. *See also* Defendants' #6. |
| 11 | Prohibition of Evidence Offered by Eaton Relating to Plaintiff Apodaca's Psychological Injuries (Or Lack Thereof) | Granted | Stipulated |
| 12 | Preclusion of Eaton's Expert, Mr. Erga, Offering Medical Opinions | Granted | Stipulated |
| 13 | Eaton's Expert, Mr. Erga, Lacks Foundation to Allege That Washington State Labor & Industries Issued a Violation Notice to Cochran | Granted / Denied | Stipulated as to the fact that no violation notice was ultimately issued by L&I. Granted as to L&I's preliminary or draft citation, but denied as to Mr. Erga's opinion as to whether a citation would have been appropriate, pursuant to FRE 403 balancing. |

| 14 | Prohibition of Any Evidence Concerning Intervention Plaintiff's Immigration Status | Granted | Stipulated |
|---|---|---|---|
| 15 | Exclusion of Any Evidence Concerning Mr. Fitzpatrick's Prior Marriages, Including The Number Of Past Marriages | Granted | Stipulated |
| 16 | Exclusion of Any Evidence Concerning Mr. Fitzpatrick's Prior L&I Claims, Including Claim Regarding Knee Injury | Granted | Stipulated |
| 17 | Exclusion of Any Evidence Concerning the Financial Status of Any Party | Granted | Stipulated. But Defendant may be permitted to respond appropriately if Plaintiffs "open the door" to evidence of financial hardship or related worry or distress from the subject incident. |
| 18 | Prohibition of Any Evidence Concerning the Effect a Recovery Would Have On the Income Tax or Other Taxable Implications of Any Part | Granted | Stipulated |
| 19 | Exclusion of Any Argument That Noneconomic Damages Should be Discounted to Present Net Value | Granted | Stipulated |
| 20 | Exclusion of All Testimony or References to Available Witnesses Not Called to Testify at Trial | Granted | Stipulated |

| 21 | Exclusion of Any Expert Report and/or File, Note, Memoranda, C.V., Deposition/Testimony List or Rate Sheet Being Admitted Into Evidence | Granted / Reserved | Stipulated as to such materials being admitted as direct evidence. Reserved as to an expert's reliance on such materials as illustrative exhibits. |
|---|---|---|---|
| 22 | Exclusion of Laws, Regulations, Scholarly Journals/Articles, Secondary Sources | Granted / Reserved | Stipulated as to such materials being admitted as direct evidence. Reserved as to an expert's reliance on such materials. *See, e.g.*, RCW 7.72.050(1) ("Evidence of custom in the product seller's industry, technological feasibility or that the product was or was not, in compliance with nongovernmental standards or with legislative regulatory standards or administrative regulatory standards, whether relating to design, construction or performance of the product or to warnings or instructions as to its use may be considered by the trier of fact."); RCW 5.40.050 ("A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence . . . ."). |
| 23 | Preclusion of Documents Not Produced In Discovery and Witnesses Whose Scope of Testimony Was Not Disclosed | Granted / Denied | Unopposed as to documents. Denied as to witnesses. Plaintiffs' arguments mirror their motion for sanctions, which was denied. Plaintiffs do not raise any new grounds for excluding the allegedly late-disclosed Eaton employees on Defendant's witness list. |

| 24 | Exclusion of Any And All Evidence – Either Documentary or Via Witness Testimony – Purporting To State a Legal Requirement or Violation of Any Government or Code Requirement | Denied / Reserved | Denied as to evidence relied on by experts or relevant to a fact witness's testimony regarding WPLA defect claims or contributory negligence. *See, e.g.*, RCW 7.72.050(1) ("Evidence of custom in the product seller's industry, technological feasibility or that the product was or was not, in compliance with nongovernmental standards or with legislative regulatory standards or administrative regulatory standards, whether relating to design, construction or performance of the product or to warnings or instructions as to its use may be considered by the trier of fact."); RCW 5.40.050 ("A breach of a duty imposed by statute, ordinance, or administrative rule shall not be considered negligence per se, but may be considered by the trier of fact as evidence of negligence . . . .").<br><br>Reserved on whether specific evidence or testimony is presented in violation of the general prohibition against an expert opinion on an ultimate issue of law. *See, e.g.*, *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). |
| --- | --- | --- | --- |
| 25 | Exclusion of Any And All Evidence Offered For The Purpose Of Establishing The Fault Of Cochran | Granted / Reserved | Stipulated as to arguments regarding the apportionment of fault to nonparty Cochran.<br><br>Reserved as to any testimony or other evidence. The Court lacks the context to make a ruling before trial on the relevance and risks of such evidence and will make a case-by-case determination during trial, if raised. |
| 26 | Prohibition of Evidence Offered by Eaton That Seeks To Demonstrate a Lack of Prior Incidents Involving the Product | Reserved | Plaintiffs fail to dispute that such evidence may be relevant, but the Parties agree that admissibility rests on whether foundation can be laid and the appropriate FRE 403 balancing, which is best left for ruling at trial. The Court will rule on a case-by-case basis during trial, if raised. *See also* Defendants' #3. |

| 27 | Prohibition of Evidence Offered by Eaton That Seeks To Demonstrate That Plaintiffs "Assumed the Risk" When Performing the Tasks Being Performed When Incident Occurred | Granted / Reserved | Stipulated as to legal argument. Defendant agrees to not argue "assumption of risk." <br><br> At oral argument, Plaintiffs failed to identify any specific evidence (or type of evidence) that would be relevant to an "assumption of risk" argument but not Defendant's contributory negligence argument. Both Parties essentially agree that "the line between contributory negligence and assumption of the risk is thin." *See* Dkt. No. 118 at 13. That line of admissibility cannot be drawn at this stage. The Court will therefore consider the potential exclusion of any specific evidence on a case-by-case basis during trial, if raised. <br><br> To the extent that Plaintiffs continue to argue that Defendant cannot show contributory negligence on the failure to warn claim, the Court rejected this argument at the summary judgment stage. The Court's liability finding on the failure to warn claim does not affect Defendant's ability to assert the affirmative defense of comparative fault with regard to the question of damages. |
| 28 | Prohibition of Evidence Offered by Eaton That Seeks To Support the "Sophisticated User" Doctrine | Granted / Reserved | Stipulated as to legal argument. Defendant agrees to not argue "sophisticated user." <br><br> The Court reserves ruling as to the admissibility of any evidence on this issue, and rule on a case-by-case basis as raised, on the same basis as Plaintiffs' #27. |

| 29 | Eaton Shall Not Offer Witness Testimony Contradicting the Deposition Testimony Offered During the Deposition of Eaton's Fed. R. Civ. P. 30(b)(6) Witness | Reserved | The Court will rule on a case-by-case basis, if raised. The Court cannot rule on whether trial testimony directly conflicts with deposition testimony, or if the specific allegedly contradictory testimony is simply explanatory or providing context, for example. *See, e.g., Snapp v. United Transp. Union*, 889 F.3d 1088, 1103–04 (holding that, while a corporation generally cannot present a theory of facts different from the Rule 30(b)(6) witness, "it applies only where the purportedly conflicting evidence truly, and without good reason or explanation, is in conflict, *i.e.*, where it cannot be deemed as clarifying or simply providing full context"). The appropriate remedy for perceived conflict is often impeachment. *Id.* at 1104. "Finally, a Rule 30(b)(6) deponent's own interpretation of the facts or legal conclusions do not bind the entity." *Id.* (quoting James W. Moore et al., Moore's Federal Practice § 30.25[3] (3d ed. 2016)). |
| --- | --- | --- | --- |
| 30 | Prohibition of Evidence Offered by Eaton In Support of Argument that "Hi Pot Testing" Would Have Caught Defect | Denied | Plaintiffs fail to show why such evidence is inadmissible on all grounds at this stage. They appear to argue that they do not expect Defendants to be able to establish that "Hi Pot" testing is determinative of any manufacturing or design defect. This is up to the jury to determine, after the evidence and opinions are presented by both sides and weighed. The Court trusts that Plaintiffs are prepared to show at trial whether "Hi Pot" testing would have caught the alleged defect. |

| 31 | Prohibition of Eaton's Argument Alleging That It Was Improper For Certain Evidence, Including The Phase B Fuse, To Not Be Preserved Given That Eaton Was Present During Initial Investigations And Eaton Had Every Opportunity to Ensure Any And All Evidence It Desired to Preserve Was Preserved | Denied | The Court has already denied this request in its order regarding Plaintiffs' motion for sanctions, and Plaintiffs bring no new grounds for exclusion. This is an issue more appropriate addressed in cross-examination during trial. |

| 32 | Eaton Shall Not Elicit From Any Witness Testimony That Would Potentially Lead A Witness to Testify In A Manner That Would Violate Any Non-Disparagement Clause Of Any Party's (Or Former Party's) Settlement Agreement | Denied | This motion is denied as speculative.<br><br>Plaintiffs believe that there is a non-disparagement agreement between Eaton and Apodaca and seemingly seeks to prevent Apodaca from withholding any testimony on account of the non-disparagement agreement. As Defendant points out, however, there is no evidence that such an agreement exists, much less what the terms of such an agreement contain. Plaintiffs also do not point to any specific type of testimony that they fear would be limited or otherwise affected by such an agreement.<br><br>The Court acknowledges the general and longstanding principle that "a non-disparagement clause in a contract cannot prevent a witness from testifying truthfully before a legal tribunal." *SurfCast, Inc. v. Microsoft Corp.*, No. C12-333, 2014 WL 12726543, at *4 (D. Me. Sept. 5, 2014) ("The freedom to contract is not so elastic as to permit witnesses to contract away their solemn obligation to provide truthful testimony under oath."); *see also Day v. Johns Hopkins Health Sys. Corp.*, 907 F.3d 766, 771 (4th Cir. 2018) (emphasizing the immunity of testifying witnesses from subsequent collateral damages); *Briscoe v. Lahue*, 460 U.S. 325, 331–32 (1983) (same). The Court trusts that Defendant will abide by this rule. However, the Court cannot rule on such a hypothetical and unspecified request at this time. The Court will reconsider on a case-by-case basis, if raised. |
| 33 | Prohibition of Evidence Supporting Eaton's Argument That Intervention Plaintiffs' Experts, Mr. Barovsky and Mr. Way, Failed to Perform Root Cause Analysis | Denied | The Court has already denied all *Daubert* motions (and a separate motion *in limine* to exclude Mr. Barovsky) on the same grounds. Opinion testimony regarding opposing methodologies is a battle-of-experts issue that is up to the jury to determine the appropriate evidentiary weight. |

| 34 | Prohibition of Testimony Alleging Mandatory Compliance with OSHA When WISHA Actually Controls, Or About Violations of OSHA or Other Regulations | Denied | Evidence of OSHA standards and compliance may be relevant without confusing the jury. Plaintiffs seek to bar evidence regarding compliance with OSHA standards, arguing that it is an irrelevant and potentially confusing set of standards because WISHA, the Washington State equivalent, is the governing set of standards. But OSHA and WISHA are not entirely separate, as Defendant points out, and Plaintiffs themselves acknowledge that WISHA must be "at least as effective as OSHA" (Dkt. No. 103 at 36). *See, e.g.*, *Afoa v. Port of Seattle*, 296 P.3d 800, 807 (Wash. 2013) (citing 29 U.S.C. § 667(c)(2)) ("[A]s a matter of federal law, WISHA protections must equal or exceed OSHA standards."); *see also Dep't of Labor & Indus. v. Tradesmen Int'l, LLC*, 497 P.3d 353, 361 (Wash. 2021) ("Since WISHA is parallel to and supplements federal OSHA, we often look to federal cases interpreting OSHA as persuasive authority."). In other words, OSHA compliance is a minimum requirement to WISHA compliance, and conversely, OSHA noncompliance is WISHA noncompliance. Any potential confusion to the jury can be easily remedied by clarifying the relationship between OSHA and WISHA, which the Court expects the Parties will do. |

| 35 | Eaton's Expert, Dr. Ziegler, May Not Opine That She "Suspects" Mr. Fitzpatrick Had a History of Pre-Existing Mental Health Symptoms | Granted | In her report, Dr. Ziegler opined, to a reasonable degree of psychological certainty, that Mr. Fitzpatrick had a history of pre-existing mental health symptoms, though she noted that it was difficult to get details due to Mr. Fitzpatrick's uncooperative posture during her examination. Dkt. No. 119-3 at 17. Plaintiffs essentially bring a belated *Daubert* motion, arguing that Dr. Ziegler's opinion on Mr. Fitzpatrick's mental health history is unreliable and should be excluded under FRE 702. Dkt. No. 103 at 35–36. Defendant argues Dr. Ziegler's opinion is a permissible inference. Dkt. No. 118 at 25–26.

At oral argument, Plaintiffs also argued that, because pre-existing conditions are only admissible if they were symptomatic immediately prior to the incident in question and Defendant has failed to make such a showing, Dr. Ziegler's opinion is inadmissible. Plaintiffs relied on two cases, *Hoskins v. Reich*, 174 P.3d 1250 (Wash. Ct. App. 2008) and *Harris v. Drake*, 99 P.3d 872 (Wash. 2004) (en banc). Defendant, in response, only pointed to its briefing (which did not touch this issue) and questioned whether the cited cases were directly on point to mental health symptoms.

The Court rejects Plaintiffs' attempt to exclude Dr. Ziegler's opinion as unreliable under FRE 702. This is an untimely *Daubert* motion, and in any case Dr. Ziegler's opinion, based on a direct evaluation of Mr. Fitzpatrick and inferences drawn from it, is within the permissible scope of an expert witness. However, Plaintiffs appear to be correct that Defendant has no evidence to show Mr. Fitzpatrick's pre-accident mental health issues were symptomatic at or immediately before the 2019 accident. *See Hoskins*, 174 P.3d at 1256 (finding that plaintiff's pre-accident need for chiropractic treatments should have been excluded because it was not shown to be symptomatic *immediately* before the accident); *see also* |

| | | | |
|---|---|---|---|
| | | | *Saunders v. Thore*, No. 77826-9, 2019 WL 2502395, at *9 (Wash. Ct. App. 2019) (affirming motion *in limine* ruling excluding preexisting condition due to insufficient evidence that it was symptomatic). The latest mental health symptom or treatment that Defendant has identified for Mr. Fitzpatrick is counseling that occurred in 2015 or 2016 (Dkt. No. 119-4 at 4), which is too remote in time.<br><br>Given this lack of temporal evidence, Washington law requires that Mr. Fitzpatrick's preexisting mental health issues be excluded on evidentiary grounds. However, the Court is willing to reconsider this motion, at Defendant's request, prior to or during trial, as appropriate. |
| 36 | Exclusion of Any Testimony by Experts That Exceed the Scope of Their Deposition Testimony and Produced Reports, Including Eaton's Expert, Mr. Vasudevan, Who May not Offer Any Opinion About the Cause of the Arc Flash | Granted / Denied / Reserved | This motion is granted to the extent that, as a general matter, expert opinion may not exceed the scope of the experts' prior deposition testimony and reports.<br><br>However, this motion is denied to the extent that it seeks to exclude any opinions by Mr. Vasudevan as to the cause of the arc flash. Plaintiffs are incorrect that "Mr. Vasudevan does not have an opinion regarding causation in this matter." Dkt. No. 103 at 38. Mr. Vasudevan has opined that an exact root cause cannot be determined but also that a defect is not the likely cause and that other potential causes cannot be ruled out.<br><br>The Court reserves ruling to the extent that specific rulings are needed during trial, if raised. |
| 37 | Exclusion of Any Evidence Concerning Mr. Fitzpatrick's 2009 and 2015 Reckless Driving Charges | Granted | Unopposed. |

| 38 | Exclusion of Any Evidence Concerning Mr. Fitzpatrick's Prior Misdemeanor Assaults and/or Domestic Violence Charges | Granted | Plaintiffs argue that Mr. Fitzpatrick's prior misdemeanor assault and domestic violence charge fail the four-factor admissibility test for character evidence under FRE 404(b), *see United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005) (material point, not too remote in time, sufficient evidence to show the other act, and similar to offense charged where knowledge/intent is at issue), and that, in any case, such evidence is not admissible under FRE 403 given its prejudicial value. Defendant argues that the criminal record is relevant because it shows consistency between Mr. Fitzpatrick's pre- and post-incident mental health issues and therefore helps contradict Mr. Fitzpatrick's assertion of psychological injury from the subject incident. |
| | | | The motion is granted. Defendant asserts that "[i]nstances of prior anger and violence . . . certainly speak to Mr. Fitzpatrick's pre-incident mental condition." Dkt. No. 118 at 29. But not all mental health issues are the same; it is not actually apparent that *anger* and *violence* are related to the subject incident, including Mr. Fitzpatrick's injuries from it. The criminal records therefore have little to no demonstrated relevance to a material point in this case, while holding significant danger of unfairly prejudicing the jury. |
| | | | In any case, the latest charge appears to have occurred in 2015 (*see* Dkt. No. 103 at 41), which is too remote in time. To the extent that Defendant also wishes to use the criminal record as evidence of preexisting mental health conditions, Defendant has failed to show that any such conditions were symptomatic at or immediately prior to the 2019 accident. *See* Plaintiffs' #35. |
| | | | But Defendant may present limited evidence to the extent that Plaintiffs "open the door" during trial. |

| 39 | Exclusion of Any Evidence Concerning Mr. Fitzpatrick's Prior Check-In for In-Patient Psychiatric Care | Granted | At oral argument, Plaintiffs argued this motion in conjunction with Plaintiffs' motion *in limine* #35, essentially arguing that evidence of Mr. Fitzpatrick's preexisting mental health conditions is inadmissible because Defendant has failed to show that such conditions were symptomatic at or immediately prior to the 2019 accident. *See* Plaintiffs' #35. The Court agrees (the psychiatric admission appear to have happened long before the 2019 accident, *see* Dkt. No. 119-3 at 6; Dkt. No. 119-4 at 5) and grants this motion for the same reasons. Again, the Court is willing to reconsider its decision if Defendant seeks it. |
| --- | --- | --- | --- |
| 40 | Exclusion of Any Evidence Concerning Mr. McDade's Prior Driving-Related Charges, Including Reckless Driving or DUI | Granted | Unopposed. |
| 41 | Exclusion of Any Evidence Offered by Any Doctor Associated with Washington State Labor & Industries Concerning the Intervention Plaintiffs | Denied | Plaintiffs' case law and arguments are unpersuasive. Plaintiffs' objections (work product doctrine) were waived. Plaintiffs raise no evidentiary objections as to admissibility, but may object to admission of specific evidence at trial, if appropriate.<br><br>At oral argument, Defendant clarified that it will not introduce any exhibits or witnesses from L&I, which Plaintiffs indicated makes their motion moot. Defendant seeks to ensure that the motion does not inadvertently exclude other evidence, such as certain medical records relied on by Dr. Ziegler, and so the Court denies the motion to avoid confusion on this issue. |

| 42 | Exclusion of Any Evidence Concerning the Amount of Intervention Plaintiffs' Medical Bills | Granted | Plaintiffs' prior medical bills have limited probative value, especially as Plaintiffs do not seek to recover past or future medical costs. As Plaintiffs' cited cases note, the cost of medical care is not necessarily reflective of the nature and magnitude of an injury. Evidence of past medical bills would be cumulative to other evidence (such as, presumably, Plaintiffs' own testimony) regarding the treatment that Plaintiffs received. There is also considerable risk of confusing or unfairly prejudicing the jury by biasing the jury to gravitate toward specific amounts for determining general damages. |
| 43 | Prohibition of Any Evidence Concerning How Intervention Plaintiffs Might Use Any Proceeds of Any Judgment | Granted | Granted to the extent that Plaintiffs seek to prevent Defendant from arguing that Plaintiffs would be receiving any type of windfall from an award of damages, which Defendant does not oppose. The Court otherwise trusts that the Parties will adhere closely to the general principle that any award will only reflect compensation for any injury that Defendant is liable for, and nothing more. |

| 44 | Exclusion of Any Argument Regarding the Failure to Mitigate if Treatment Was Rendered Sooner | Granted / Reserved | The substantive law governing this case is Washington law. *E.g.*, *Clark v. Eddie Bauer LLC*, 30 F.4th 1151, 1154 (9th Cir. 2022). Under Washington law, "[e]xpert testimony is required in cases where a determination of causation turns on obscure medical factors." *Cox v. Keg Restaurants U.S., Inc.*, 935 P.2d 1377, 1380 (Wash. Ct. App. 1997). Whether Mr. Fitzpatrick's PTSD symptoms would have improved with proper psychological treatment requires at least some medical expertise, because it would otherwise require a layperson to speculate as to the proper treatment (and its effect) for PTSD symptoms. *See, e.g.*, *Fox v. Evans*, 111 P.3d 267, 271 (Wash. Ct. App. 2006) ("To support a mitigation instruction, expert testimony must establish that the alternative treatment would more likely than not improve or cure the plaintiff's condition. . . . Here, the experts testified with sufficient precision that treating the depression would improve [plaintiff's] condition."); *see also Salisbury v. City of Seattle*, 522 P.3d 1019, 1028–30 (Wash. Ct. App. 2023) (explaining the relevant law as to failure to mitigate in medical treatment context).<br><br>In its briefing and at oral argument, Defendant pointed to Dr. Ziegler's report, which note instances where Mr. Fitzpatrick did not engage in therapy despite recommendations to do so and opine that Mr. Fitzpatrick's mental health symptoms would improve from 10 to 20 therapy sessions. Notably, Dr. Ziegler never opined that Mr. Fitzpatrick would have mitigated his symptoms if he had engaged in therapy earlier—therefore, Defendant is excluded from introducing such an opinion from Dr. Ziegler during trial.<br><br>At oral argument, Defendant also pointed to the deposition of Plaintiffs' expert, Dr. Best, who opined that if Mr. Fitzpatrick had received psychological treatment after the 2019 accident, it would have mitigated or bettered his mental health symptoms. |

| | | | Defendant is free to cross-examine Dr. Best as appropriate.<br><br>Plaintiffs' motion is granted with respect to the scope of Dr. Ziegler's opinion, as explained above. The Court will reserve ruling on any other experts and evidence. |
|---|---|---|---|
| 45 | Exclusion of Evidence of Subsequent Remedial Measures | Denied | Plaintiffs seek to exclude evidence or arguments showing that Plaintiffs' employer, non-party Cochran, made or considered changes to its policies following the subject incident, citing FRE 407. As Defendant points out, however, FRE 407 only bars subsequent remedial measures taken by a *party-defendant*, as its purpose is to encourage defendants from remedying hazardous conditions without fear of it being used against them in court. *See Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 888 (9th Cir. 1991) (holding that FRE 407 did not exclude warning sign erected by nonparty after an accident). Cochran is a nonparty; therefore, FRE 407 does not apply. In any case, such evidence could be probative, while presenting limited risk of prejudice or confusion. FRE 401, 403.<br><br>However, the Court is prepared to restrict the scope of such evidence during trial, if needed. |
| 46 | Exclusion of Expert Testimony by Mr. Vasudevan and Mr. Erga | Denied | Same basis as prior *Daubert* rulings, as no new grounds for exclusion are raised. |

| 47 | Exclusion of Any Inference By Eaton That Plaintiff Apodaca Did Not Bring a Claim Against Eaton | Granted | Defendant represents it has no intention of inferring that Mr. Apodaca never brought a claim against Eaton. This is therefore stipulated and granted. |
|---|---|---|---|
| | | | Plaintiffs also appear to request that the jury be affirmatively informed that Mr. Apodaca was a prior plaintiff in this case but has settled his claim on confidential terms. Defendant objects, arguing that the only reason to inform the jury of the settlement is "so that the jury will infer his claims have merit in direct violation of [FRE] 408." Dkt. No. 118 at 38. |
| | | | FRE 408 does not bar the evidence because it would be introduced for a permissible purpose under FRE 408(b). Notably, the case caption appears to retain Mr. Apodaca's name, which may confuse the jury. As Plaintiffs noted at oral argument, his presence as a witness and victim of the explosion may also lead the jury to make misleading and prejudicial inferences about his absence from the case. But, as there is a risk of prejudice and the relevance of the settlement to the case is questionable, the Court will err on the side of excluding mention of Mr. Apodaca's settlement. |
| | | | Accordingly, the jury will be simply instructed that Mr. Apodaca was once a claimant but is no longer, and that no inferences as to the validity of Mr. Apodaca's claim should be drawn from that fact.[2] The Court believes the instruction will be sufficient to address any potential confusion of the jury. No reference or evidence regarding Mr. Apodaca's settlement will be permitted without prior Court approval. |
| | | | *See also* Defendants' #1. |

---

[2] Plaintiffs stated at the pretrial conference that they had no objection to this proposal while Defendant preferred no such instruction be given.

1

**B.    Defendant's Motions *in Limine***

2       Defendant brings 14 motions *in limine*. Dkt. No. 101. Plaintiffs do not oppose eight of the

3   motions and oppose the rest. Dkt. No. 116. The Court's ruling on Defendant's motions are as

4   follows:

| # | Motion | Ruling | Reasoning |
|---|--------|--------|-----------|
| 1 | Exclude evidence of and reference to Mr. Apodaca's prior claims in this action and settlement with Eaton under FRE 408 and as irrelevant and unfairly prejudicial | Granted / Denied | The jury will be instructed that Mr. Apodaca was previously a claimant in the case but is no longer, and that no inferences as to his claim should be drawn from that fact. No other evidence or reference to Mr. Apodaca's prior claim or settlement with Eaton is permitted without prior Court approval.  *See also* Plaintiffs' #47. |
| 2 | Exclude post-accident photographs of Mr. Apodaca's injuries as irrelevant and prejudicial | Granted | The photographs have limited probative value, as they do not depict Plaintiffs' own injuries. However, there is a high risk that such photographs will be unfairly prejudicial and potentially confuse the jury as to the injuries they are evaluating, as well as cumulative of Plaintiffs' testimony (or other evidence) regarding the subject incident.  The Parties dispute to what extent Plaintiffs saw and interacted with Mr. Apodaca during and after the incident. But it seems apparent that Plaintiffs interacted with him enough to see his injuries, whether in the immediate aftermath or during treatment; it is also clear that Plaintiffs can testify to these details without the photographs. |
| 3 | Exclude speculation or argument about other similar incidents involving Eaton products as irrelevant and prejudicial | Granted / Reserved | Stipulated as to speculation or argument about other similar incidents (or lack thereof).  Reserved as to any specific evidence, which will be ruled on a case-by-case basis as raised. *See also* Plaintiffs' #26. |

| 4 | Exclude reference to the opinions of Mr. Apodaca's former testifying expert Mr. Barovsky as undisclosed, cumulative, and prejudicial | Denied | Plaintiffs properly disclosed Mr. Barovsky as a non-retained expert per FRCP 26(a)(2)(C), in relation to the post-incident investigation for Cochran prior to any retention by Mr. Apodaca.<br><br>Alternatively, any failure to timely disclose Mr. Barovsky as a retained expert is substantially justified, given the timing of Mr. Apodaca's settlement, which occurred after disclosure deadlines and in close proximity to trial. Defendant also failed to demonstrate any real prejudice it suffers. Indeed, Defendant fully engaged in discovery regarding Mr. Barovsky, including by taking his deposition and preparing a rebuttal expert report responding to his report. His opinions also do not appear to be cumulative, as explained in the Court's prior order denying the related *Daubert* motion. |
| 5 | Exclude evidence of or reference to Eaton's size, corporate structure, revenue, or ability to pay as irrelevant and unfairly prejudicial | Granted | Stipulated. As agreed to by the Parties, specific aspects of Eaton's corporate structure as it relates to the products at issue may be introduced. |
| 6 | Exclude evidence of or reference to settlement negotiations between Mr. Fitzpatrick and/or Mr. McDade and Eaton under FRE 408 | Granted | Stipulated and applied to all Parties. *See also* Plaintiffs' #10. |
| 7 | Exclude reference to discovery disputes, pretrial motions, and these MILs | Granted | Stipulated and applied to all Parties. *See also* Plaintiffs' #8. |
| 8 | Require each party to provide notice of next day's trial witnesses prior to the start of each trial day | Granted | Stipulated. *See also* Plaintiffs' #2. |

| 9 | Exclude evidence that was previously requested in discovery, but not produced, under FRCP 37(c) | Granted | The Court is alarmed by the representation that Plaintiffs have listed numerous exhibits that appear to have been requested by Defendant during discovery but were not produced and grants the motion. |
| | | | However, the Court is willing to reconsider this ruling on a case-by-case basis, if raised. As Plaintiffs point out, Defendant's motion is broad and fails to be specific. The Court agrees in principle that evidence that was requested and not produced during discovery generally cannot be introduced at trial. *See* FRCP 37(c). The Court will permit Plaintiffs to make arguments (on the basis of being "harmless" or "substantially justified," *see* FRCP 37(c)(1)) during trial as to specific exhibits that were previously undisclosed to Defendant. |
| 10 | Prohibit non-party lay witnesses from testifying regarding Plaintiffs' medical and/or psychological conditions | Granted | Stipulated and applied to all Parties. |
| | | | The Parties agree that lay witnesses may testify as to their personal observations of Plaintiffs but may not offer medical diagnoses or opinions. The Court clarifies, however, that lay witnesses may reference such terms as "anxiety" or "depression" in their colloquial, non-clinical connotation. |
| 11 | Exclude evidence of or reference to Plaintiffs' litigation expenses and stress | Granted | Stipulated and applied to all Parties. |
| 12 | Exclude reference to the size or location of the law firms representing Eaton | Granted | Stipulated and applied to all Parties. |

| 13 | Exclude non-party lay witnesses from the courtroom during the presentation of evidence | Granted | Stipulated. *See also* Plaintiffs' #3. |
| | | | Counsel are officers of the Court and expected to comply with all Rules. Counsel should instruct their witnesses with respect to their duties as well as all relevant court rulings. |
| | | | To the extent that Plaintiffs include a new request to exclude expert witnesses from the courtroom in their opposition brief, this is improper. In any case, this issue is addressed (and denied) in the Court's ruling on Plaintiffs' #3. |

\* \* \*

The Court has considered the remainder of the Parties' arguments and finds them moot or unavailing.

## IV.   CONCLUSION

Accordingly, the Parties' motions *in limine* (Dkt. Nos. 101, 103) are GRANTED in part, DENIED in part, and RESERVED in part, as set forth in this order.

For the avoidance of doubt, the Court has reserved ruling on a number of motions *in limine*, largely due to the lack of context that would allow for a determination. Failure of a party to raise such motions again during trial for a ruling will result in the motion being deemed denied as abandoned and moot.

Dated this 27th day of February 2023.

Tana Lin
United States District Judge