1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

THE HONORABLE JUDGE TANA LIN

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

DAVID FITZPATRICK, and RYAN
MCDADE,

                Intervenor Plaintiffs,

   v.

EATON CORPORATION,

            Intervenor Defendant

CASE NO. 2:20-cv-01064-TL

~~PROPOSED~~ PRETRIAL ORDER

       Plaintiffs David Fitzpatrick and Ryan McDade ("Plaintiffs") and Eaton Corporation ("Eaton" or "Defendant"), having conferred, submitted a Proposed Pretrial Order on February 13, 2023. Dkt. No. 120. To the extent this order reflects substantive changes from the Parties' joint proposed pretrial order (Dkt. No. 120), additions have been marked in bold and italics, while deletions have been marked with strikethrough. The revisions are based on the Parties' representations and the Court's rulings from the February 24, 2023, pretrial conference, unless otherwise noted.

~~PROPOSED~~ PRETRIAL ORDER - Page 1

## I.      FEDERAL JURISDICTION

This Court has original jurisdiction of this lawsuit under 28 U.S.C. § 1332.  Defendant Eaton Corporation ("Eaton"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, removed this matter to the U.S. District Court for the Western District of Washington on July 10, 2020. Dkt. No. 1.

The lawsuit was initially filed in King County Superior Court, as Cause No. 20-2-09902-3 SEA, on June 11, 2020, by former Plaintiff Edgar Guerrero Apodaca.  *Id.*  Eaton was served on June 12, 2020.  *Id.*  This case was properly removed because complete diversity existed amongst Plaintiff and Eaton, as Plaintiff is a citizen of Washington and Eaton is incorporated and has its principal place of business in Ohio.  *Id.*

On February 3, 2021, Intervention Plaintiffs filed a Stipulated Motion to Intervene (Dkt. No. 23) and on March 8, 2021 the Court granted the Stipulated Motion to Intervene (Dkt. No. 24).  Intervention Plaintiffs are both citizens of Washington State and thus complete diversity remained once Intervention Plaintiffs were joined to the lawsuit (Dkt. No. 25).

## II.      PLAINTIFFS' CLAIMS

Plaintiffs seek damages pursuant to the following claims:

1.      Violation of the Washington Product Liability Act ("WPLA"), RCW 7.72.030 as the product was not reasonably safe in construction, the product was not reasonably safe as designed and/or because inadequate warnings or instructions were not provided with the product;

2.      Violation of the WPLA, RCW 7.72.030(1) and RCW 7.72.030(3) as the product was not reasonably safe as designed because it was unsafe to an extent beyond that which would be contemplated by the ordinary consumer;

3.      Violation of the WPLA, RCW 7.72.030(1) because at the time of the manufacture, the likelihood that the product would cause Plaintiffs' harm or similar harms, and the seriousness of those harms, rendered the warnings or instructions of Eaton inadequate and

Eaton could have provided the warnings or instructions which Intervention Plaintiffs alleges would have been adequate;

4.     Violation of the WPLA, RCW 7.72.030(2)(a), as the product was not reasonably safe in its construction because when the product left the control of Eaton, the product deviated in some material way from otherwise identical units of the same product line;

5.     Violation of the WPLA, RCW 7.72.030(2)(a), as the product was not reasonably safe in its construction because when the product left the control of Eaton, the product deviated in some material way from the design specifications or performance standards of Eaton; and

6.     Violation of the WPLA, RCW 7.72.030(2)(c) because the product did not conform with implied warranties under Title 62A RCW, including the implied warranty of merchantability and the implied warranty that the product was fit for a particular purpose for which the product was required.

### III.     DEFENSE CLAIMS

At trial, Defendant will raise the following affirmative defenses raised in Answer to Plaintiffs' Complaint:

1.     Contributory negligence and/or comparative fault, as Defendant contends that Plaintiffs are at fault, in part or in whole, for their alleged damages, in terms of their handling of the product and/or the need to sufficiently protect themselves from foreseeable electrical hazards.

2.     Failure to mitigate Plaintiffs' alleged damages, including but not limited to, alleged economic damages associated with physical injuries, emotional injuries, and employment losses.

## IV.    FACTS

***The Parties*** ~~Plaintiffs are prepared to~~ ***stipulate to the following facts***~~, which are relevant and about which Plaintiffs believe there is no dispute~~:

1. ARCO/Murray National Construction Company, Inc. ("ARCO/Murray"), is a business registered in Washington State, which served as the general contractor over the subject project located at 1201 Second Avenue, Seattle, Washington ("Project").

2. ARCO/Murray hired Cochran, Inc. ("Cochran") as one of its subcontractors to perform electrical installation work at the Project.

3. Plaintiffs were employees of Cochran and working in their capacity as employees for Cochran at the time of the incident on the Project.

4. Eaton was the manufacturer of the product that is the subject of this dispute – an Eaton 200 ampere bus plug ("Product").

5. On December 16, 2019, Cochran employees installed the bus plugs on the bus riser at the Project, including the subject bug plug in the Room 9E, which is the electrical room on the eastside of the 9th floor where the incident occurred.

6. On December 17, 2019, Plaintiffs were working in Room 9E at the Project.

7. There were two bus plugs installed in Room 9E – a 200 ampere bus plus and a 60 ampere bus plug.

## V.    ISSUES OF LAW

The remaining questions of law relate to evidentiary issues presented by the parties' respective motions *in limine*. ***These issues have now been resolved by the Court's order on the Parties' motions*** *in limine*. **See** ***Dkt. No. 136.***

# VI.   WITNESSES

The names and addresses of witnesses to be used by Plaintiffs at the time of trial and the general nature of the testimony of each are:

| Name/Address | Nature of Testimony | Will Testify or Possible Witness Only | Response |
|---|---|---|---|
| **LAY WITNESSES** | | | |
| David Fitzpatrick c/o HWS Law Group 1500 4th Ave, Ste 200 Seattle, WA 98101 | Mr. Fitzpatrick is one of the plaintiffs in this action, who was injured.  He has knowledge of the facts and circumstances leading up to, including, and directly following the incident at issue, as well as regarding his injuries and treatment, his life before the incident at issue, and about how his personal, social and recreational life, relationships, and employment have been impacted by the incident and his injuries. | Will testify | |
| Ryan McDade c/o HWS Law Group 1500 4th Ave, Ste 200 Seattle, WA 98101 | Mr. McDade is one of the plaintiffs in this action, who was injured.  He has knowledge of the facts and circumstances leading up to, including, and directly following the incident at issue, as well as regarding his injuries and treatment, his life before the incident at issue, and about how his personal, social and recreational life, relationships, and employment have been impacted by the incident and his injuries. | Will testify | |
| Edgar Guerrero Apodaca c/o Peterson Wampold Roasato Feldman Luna 1501 4th Ave, Ste 2800 Seattle, WA 98101 | Mr. Apodaca is one of the plaintiffs in this action.  He has knowledge of the facts and circumstances leading up to, including, and directly following the incident at issue, as well as regarding his injuries. | Will testify | FRE 401/402, 403 R, C, M |

PROPOSED PRETRIAL ORDER - Page 5

| | | | |
|---|---|---|---|
| Jason Axe<br>c/o David C. Weaver<br>Oles Morrison Rinker<br>& Baker, LLP<br>701 Pike Street, Ste 1700<br>Seattle, WA 98101 | Mr. Axe is currently a Detailer with Cochran, but was a Project Foreman with Cochran at the time of the incident. He will testify regarding the facts and circumstances leading up to, including, and directly following the incident at issue, his role as the Project Foreman at the time of the incident, Cochran's policies, practices and procedures, his involvement with L&I's investigation, and any other information regarding liability and damages, as set forth in his deposition testimony. | Will testify | |
| Brendan Clark<br>c/o David C. Weaver<br>Oles Morrison Rinker<br>& Baker, LLP<br>701 Pike Street, Ste 1700<br>Seattle, WA 98101 | Mr. Clark is the Director of Safety for Cochran and will testify regarding the facts and circumstances leading up to, including, and directly following the incident at issue, his role as the Director of Safety for Cochran, Cochran's policies, practices and procedures, his involvement with L&I's investigation, and any other information regarding liability and damages, as set forth in his deposition testimony. | Will testify | |
| John Gennaios<br>c/o David C. Weaver<br>Oles Morrison Rinker<br>& Baker, LLP<br>701 Pike Street, Ste 1700<br>Seattle, WA 98101 | Mr. Gennaios is the Vice President of Field Operations for Cochran and will testify regarding the facts and circumstances leading up to, including, and directly following the incident at issue, his role at Cochran, Cochran's policies, practices and procedures, his involvement with L&I's investigation, and any other information regarding liability and damages. | Will testify | |
| Wes Wuerch<br>20818 Snag Island Dr E<br>Lake Tapps, WA 98391 | Mr. Wuerch may testify regarding his status as a Former Area Sales Manager with Eaton Corporation, including fact, liability, and damages issues, as set forth in his deposition testimony. | Will testify | Mr. Wuerch will testify in the defense case-in-chief and Eaton objects to plaintiffs' |

PROPOSED PRETRIAL ORDER - Page 6

| | | | |
|---|---|---|---|
| | | | request to offer this witness in the plaintiff case. Plaintiffs will offer Mr. Wuerch in their case-in-chief. |
| ***Robert Keith*** ~~Richard~~ Hughes<br>c/o Tucker Ellis, LLP<br>201 Mission St, Ste 2310<br>San Francisco, CA 94105 | Mr. Hughes testified as Eaton's Fed. R. Civ. P. 30(b)(6) corporate representative and will testify regarding the topics enumerated in Plaintiffs' Fed. R. Civ. P. 30(b)(6) Notice of Deposition to Eaton, including information regarding facts and liability, as set forth in his deposition testimony. | Will testify | Mr. Hughes will testify in the defense case-in-chief and Eaton objects to plaintiffs' request to offer this witness in the plaintiff case. Plaintiffs will offer Mr. Wuerch in their case-in-chief. |
| Harry Kuzminsky<br>Compliance Safety and Health Officer<br>Dept. of Labor and Industries<br>Division of Occupational Safety and Health<br>315th 5th Ave S, Ste 200<br>Seattle, WA 98104 | Mr. Kuzminsky is the Compliance Safety and Health Officer with the Department of Labor and Industries ("L&I") who investigated the explosion.  He may be called to testify regarding his observations, investigation, findings, the L&I report concerning the incident, and any information regarding facts and liability related to this case. | May testify | |
| Ryan Paddock<br>International Brotherhood of Electrical Works (IBEW)<br>19802 62nd Ave S, Ste 105<br>Kent, Washington, 98032 | Mr. Paddock was identified in the State of Washington L&I May 8, 2020 Inspection report as being a "representative" in the "Enforcement Inspection Information" Form apparently prepared by Harry Kuzminsky, and may have information concerning the investigation by L&I, his role as the Union Steward, and any information regarding facts and liability related to this case. | May testify | |
| Erin Price<br>15117 Main St, B106 | Ms. Price is David Fitzpatrick's daughter.  She will be called to | Will testify | |

| | | | |
|---|---|---|---|
| Mill Creek, WA 98012 | testify regarding her interactions and observations of David Fitzpatrick, including testimony set forth in Erin Price's Declaration provided to Eaton on October 21, 2022. | | |
| Robin Laskody 1061 Lake Cabins Rd Ronald, WA 98940 | Ms. Laskody is David Fitzpatrick's close friend.  She will be called to testify regarding her interactions and observations of David Fitzpatrick, including testimony set forth in Robin Laskody's Declaration provided to Eaton on October 21, 2022. | May testify | |
| Barbara Imperial 512 Follow Through Dr D Yakima, WA 98901 | Ms. Imperial is David Fitzpatrick's close friend.  She will be called to testify regarding her interactions and observations of David Fitzpatrick, including testimony set forth in Barbara Imperial's Declaration provided to Eaton on October 21, 2022. | May testify | |
| Rachel McDade 25831 177th Pl SE Covington, WA 98042 | Rachel McDade is Ryan McDade's wife.  She will be called to testify regarding her interactions and observations of Ryan McDade, including testimony set forth in Rachel McDade's Declaration provided to Eaton on October 21, 2022. | Will testify | |
| Lisa McDade 3402 N 27th Street Tacoma, WA 98407 | Lisa McDade is Ryan McDade's mother.  She will be called to testify regarding her interactions and observations of Ryan McDade, including testimony set forth in Lisa McDade's Declaration provided to Eaton on October 21, 2022. | Will testify | |
| Michael McDade 3402 N 27th Street Tacoma, WA 98407 | Michael McDade is Ryan McDade's father.  He will be called to testify regarding his interactions and observations of Ryan McDade, including testimony set forth in Michael McDade's Declaration provided to Eaton on October 21, 2022. | May testify | |

| | | | |
|---|---|---|---|
| Tim McDade<br>26427 134th Place SE<br>Kent, WA 98042 | Tim McDade is Ryan McDade's brother.  He will be called to testify regarding his interactions and observations of Ryan McDade, including testimony set forth in Tim McDade's Declaration provided to Eaton on October 21, 2022. | May testify | |
| Aaron Cossette<br>19023 37thave Ave S<br>SeaTac, WA 98188 | Aaron Cossette is Ryan McDade's close friend.  He will be called to testify regarding his interactions and observations of Ryan McDade, including testimony set forth in Aaron Cossette's Declaration provided to Eaton on October 21, 2022. | Will testify | |
| Records Custodians of WESCO Distribution. Inc.<br>300 Deschutes Way, SW, Suite 208 MC-CSC1<br>Tumwater, WA 98501 | Records custodians of Wesco may be called to authenticate any records produced in response to Plaintiffs' Subpoena Duces Tecum. | May testify | |
| Records Custodians for SCD 2U LLC<br>300 Deschutes Way SW, Suite 208 MC-CSC1<br>Tumwater, WA 98501 | Records custodians of SCD 2U LLC may be called to authenticate any records produced in response to Plaintiffs' Subpoena Duces Tecum. | May testify | |
| Records Custodians Valley Electric Company Inc.<br>c/o Skagit Law Group PLLC<br>PO Box 336<br>Mount Vernon, WA 98273 | Records custodians of Valley Electric Company Inc. may be called to authenticate any records produced in response to Plaintiffs' Subpoena Duces Tecum. | May testify | |
| Douglas J. Barovsky, PE<br>EFI Global<br>9316 Lakeview Ave SW, Bldg 21-C<br>PO Box 98887<br>Lakewood, WA 98496 | Mr. Barovsky is a Registered Professional Engineer and Certified Fire and Explosion Investigator, specializing in product failures including electrical, electronic, gas appliance, and other equipment failures.  He will testify concerning his involvement in the investigation of the subject incident, including inspection and laboratory | Will testify | Defense MIL 4 |

PROPOSED PRETRIAL ORDER - Page 9

| | | | |
|---|---|---|---|
| | testing/comparison of the subject equipment and the exemplar bus plug provided by Eaton.  Mr. Barovsky prepared a report that was relayed by Cochran to Eaton and to which Eaton responded.  Mr. Barovsky has kept and preserved the damaged and exemplar equipment, which will accompany his testimony at trial.  See Plaintiffs' August 31, 2021 Initial Disclosures. | | |
| **DEFENSE WITNESSES** | | | |
| *Robert* Keith Hughes c/o Corr Cronin 1001 Fourth Avenue, Suite 3900 Seattle, WA 98154 | Keith Hughes currently serves as the Senior Lead, Sales Engineer, Busway CRDS Division for Eaton Corporation.  He will be called to testify in areas, including but not limited to the topics of subject product design, and manufacture, including certification and testing. Mr. Hughes will also testify regarding quality controls, engineering services, overall functionality and system use for the subject product. | Will Testify | |
| Wes Wuerch c/o Corr Cronin 1001 Fourth Avenue, Suite 3900 Seattle, WA 98154 | Wes Wuerch was previously employed as an Area Sales Manager situated in Seattle, Washington for Eaton Corporation. He will be called to testify regarding several areas related to relevant customer product orders, distribution chains, and protocols for delivery to third party contractors, including but not limited to Cochran Inc, and the subject project. | Will Testify | |
| Olin Stewart c/o Corr Cronin 1001 Fourth Avenue, Suite 3900 Seattle, WA 98154 | Olin Stewart is an Eaton Corporation employee, who currently serves in the role of Vice President of Total Quality, Electrical Sector, Americas.  Mr. Stewart will provide testimony regarding the relevant quality controls  implemented for the subject product, including but not | Will Testify | ER 403 (relevance, confusing, misleading and/or cumulative); Plaintiffs' MILs 26 and 30 |

| | limited to, during design and manufacturing phases, as well as quality team member roles.  Mr. Stewart will also be called to testify regarding relevant warranty reviews with key customer and contractor leads. | | |
|---|---|---|---|
| Ryan Hatfield c/o Corr Cronin | Ryan Hatfield is a Service Sales Engineer in the Electrical Engineering Services and Systems Division of Eaton Corporation.  Mr. Hatfield will testify regarding the subject product functionality, including testing certification in the manufacturing phase as well as in the field. Mr. Hatfield will also be called to provide testimony regarding the role of Eaton's Engineering Services Division within the Electrical Sector, and on the subject project. | May Testify | ER 403 (relevance, confusing, misleading and/or cumulative); Plaintiffs' MILs 26 and 30. |
| Ruben Rodriguez c/o Corr Cronin 1001 Fourth Avenue, Suite 3900 Seattle, WA 98154 | Ruben Rodriguez is currently a Quality Manager for Eaton Corporation and has served in this quality role for over 30 years.  He will offer testimony regarding the manufacturing plant in Juarez, Mexico, where the subject product is constructed and tested prior to project arrival and installation.  Mr. Rodriguez will provide testimony regarding the manufacturing process, as well as the certification, testing and pre-installation quality controls in place for the subject product in the plant facility. | Will Testify | ER 403 (relevance, confusing, misleading and/or cumulative); Plaintiffs' MILs 26 and 30. |
| Jeffrey Kuykendall c/o Corr Cronin 1001 Fourth Avenue, Suite 3900 Seattle, WA 98154 | Jeffrey Kuykendall is employed as a Product Line Manager, within the Busway CRDS Division at Eaton. Mr. Kuykendall will provide testimony regarding relevant engineering drawings and specifications, including original review processes, revisions, component parts, and plans for ultimate assembly/build.  Mr. | Will Testify | ER 403 (relevance, confusing, misleading and/or cumulative); Plaintiffs' MILs 26 and 30. |

| | | | |
|---|---|---|---|
| | Kuykendall will also provide testimony regarding related testing and certification procedures for the subject product to meet industry design standards. | | |
| Katelyn Frost c/o Corr Cronin 1001 Fourth Avenue, Suite 3900 Seattle, WA 98154 | Katelyn Frost is a former Eaton employee, previously serving as Quality Engineer, Busway, CRDS Division, Eaton.  Ms. Frost may provide testimony regarding initial site inspections at the 2&U project, post-incident product inspections, and subject product functionality, including design, manufacturing, certification, and testing.  Ms. Frost may also testify regarding individual observations of both the project site and related conditions of the subject product, pre and post-incident. | May Testify | ER 403 (relevance, confusing, misleading and/or cumulative); Plaintiffs' MILs 26 and 30. |
| **TREATING PROVIDERS** | | | |
| Amanda Cox, ARNP Evergreen Health 16916 104th Ave NE, Ste 300 Woodinville, WA 98072 | Ms. Cox is a Family Practice Nurse Practitioner with Evergreen Health, and will testify regarding her treatment of Mr. Fitzpatrick.  Ms. Cox will offer testimony concerning her treatment for Mr. Fitzpatrick's mental health, burns, body aches, and headaches, including any diagnoses made following those treatments and her recommendation that Mr. Fitzpatrick see a psychologist.<br><br>Ms. Cox will opine that the injuries sustained by Mr. Fitzpatrick were directly caused by the incident that is the subject of this litigation and that the treatment rendered to Mr. Fitzpatrick at Evergreen Health was reasonable, necessary and related to the incident.  The opinions offered by Ms. Cox will be expressed on a | May testify | |

| | | | |
|---|---|---|---|
| | more probable than not basis to a reasonable degree of medical certainty.<br><br>Ms. Cox's testimony will be based on her examination and treatment of Mr. Fitzpatrick and on her knowledge, skill, experience, training and education. | | |
| Steven H. Mitchell, MD<br>Medical Director of Emergency Center at Harborview Medical Center | Dr. Mitchell treated Mr. Fitzpatrick Harborview Emergency Department after the incident, and will testify regarding his treatment of Mr. Fitzpatrick.<br><br>Dr. Mitchell will opine that the injuries sustained by Mr. Fitzpatrick was directly caused by the incident that is the subject of this litigation and that the treatment rendered to Mr. Fitzpatrick by him was reasonable, necessary and related to the subject incident.  The opinions offered by Dr. Mitchell will be expressed on a more probable than not basis to a reasonable degree of certainty.<br><br>Dr. Mitchell's testimony will be based on his examination and treatment of Mr. Fitzpatrick and on his knowledge, skill, experience, training and education. | May testify | Eaton objects to testimony regarding the nature of Mr. Guerrero's injuries as irrelevant to the active claims and prejudicial. FRE 401/402, 403 Plaintiffs made appropriate updates; notwithstanding, Dr. Mitchell still may testify about the nature and extent of Mr. Guerrero's injuries (not treatment), as such testimony is relevant to what Mr. Fitzpatrick saw. |
| Wesley Murphy, MD<br>Harborview Medical Center<br>Emergency Department<br>Clinical Summary<br>325 9th Ave, Seattle, WA 98104 | Dr. Murphy is an emergency medicine physician who provided treatment to Plaintiff Guerrero while he was patients in the Emergency Department at Harborview Medical Center.  He will be called to testify about his treatment of Plaintiff, including his observations, examinations, diagnoses, and course of treatment provided, in | May testify | Dr. Murphy may testify about nature/extent of Mr. Guerrero's injuries, given that the sight of those injuries was traumatic to Mr. Fitzpatrick. Eaton objects to |

| | | | |
|---|---|---|---|
| | accordance with their medical records<br><br>Dr. Murphy's testimony will be based on his examinations and treatment of Mr. Guerrero, and on his knowledge, skill, experience, training and education. | | testimony regarding the nature of Mr. Guerrero's injuries as irrelevant to the active claims and prejudicial. FRE 401/402, 403 |
| Shelley Wiechman, Ph.D., ABPP<br>Regional Burn Center at Harborview<br>UW Medicine<br>325 9th Ave<br>Seattle, WA 98014 | Dr. Wiechman is a psychologist who was one of Mr. Fitzpatrick's treating health care providers after his burn injuries. She will be called to testify regarding her treatment of Fitzpatrick for his psychological injuries while inpatient at Harborview Medical Center as well as after his discharge. Dr. Wiechman will testify in accordance with her medical records, which have been provided to Defendant. She will testify in detail regarding her evaluation and treatment, including examinations, symptoms, causation, diagnoses, and prognosis. All opinions will be on a more probable than not basis to a reasonable degree of medical probability.<br><br>Dr. Wiechman will testify that Mr. Fitzpatrick suffered emotional injuries as a result of the workplace electrical arc flash burn, including post-traumatic stress disorder, with flashbacks and nightmares. She will testify that all of the psychological treatment provided to Mr. Fitzpatrick from and after December 17, 2019 was more probably than not reasonable and necessary and related to the December 17, 2019 workplace electrical arc flash burn. | May testify | |

| | | | |
|---|---|---|---|
| | Dr. Wiechman's testimony will be based on her examinations and treatment of Mr. Fitzpatrick, and on her knowledge, skill, experience, training and education. | | |
| Barclay Stewart, M.D., Ph.D., MPH Regional Burn Center at Harborview UW Medicine 325 9th Ave Seattle, WA 98014 | Dr. Stewart is a general surgeon specializing in trauma reconstruction and burn surgery. He works at Harborview Medical Center in the Burn and Plastic Surgery Clinic. He has treated Mr. Fitzpatrick for his injuries related to this incident. He may be called to testify regarding his treatment of Mr. Fitzpatrick, in accordance with his medical records, which have been provided to Defendant. He will testify in detail regarding his evaluation and treatment of Mr. Fitzpatrick, including examinations, symptoms, diagnoses, and prognosis. All opinions will be on a more probable than not basis to a reasonable degree of medical probability.<br><br>Dr. Stewart's testimony will be based on his examinations and treatment of Mr. Fitzpatrick, and on his knowledge, skill, experience, training and education. | May testify | |
| Whitney Lomazow, M.D. Harborview Medical Center Eye Center UW Medicine 908 Jefferson St. Seattle, WA 98014 | Dr. Lomazow is an ophthalmologist with UW Medicine-Harborview Medical Center, and will testify regarding her treatment of Mr. Fitzpatrick, including treating dates of March 5, 2020 and June 5, 2020. She will testify regarding Mr. Fitzpatrick's complaints of vision fluctuation, eye soreness and headaches and her impressions that dryness in both eyes were worsen by the thermal burn and her recommended treatment plan for the same. | May testify | |

| | | | |
|---|---|---|---|
| | Dr. Lomazow will opine that the injuries sustained by Mr. Fitzpatrick were directly caused by the incident that is the subject of this litigation and that the treatment rendered to Mr. Fitzpatrick at the Harborview Medical Center Eye Center was reasonable, necessary and related to the subject incident. The opinions offered by Dr. Lomazow will be expressed on a more probable than not basis to a reasonable degree of medical certainty.<br><br>Dr. Lomazow's testimony will be based on her examination and treatment of Mr. Fitzpatrick and on her knowledge, skill, experience, training and education. | | |
| Catherine Mehn, LICSW<br>401 Main St, Ste 101<br>Walla Walla, WA 98362 | Ms. Mehn's is a Licensed Clinical Social Worker, and will testify regarding her treatment of Mr. Fitzpatrick.  Ms. Mehn will offer testimony concerning her treatment of Mr. Fitzpatrick's Major Depressive Disorder and PTSD.<br><br>Ms. Mehn will opine that the injuries sustained by Mr. Fitzpatrick were directly caused by the incident that is the subject of this litigation and that the treatment rendered to Mr. Fitzpatrick by her was reasonable, necessary and related to the subject incident.  The opinions offered by Ms. Mehn will be expressed on a more probable than not basis to a reasonable degree of certainty.<br><br>Ms. Mehn's testimony will be based on her examination and treatment of Mr. Fitzpatrick and on her knowledge, skill, experience, training and education. | May testify | |

PROPOSED PRETRIAL ORDER - Page 16

| | | |
|---|---|---|
| Pearl Hintz, MS, LMHC<br>Lutheran Counseling Network<br>2415 S 320th St<br>Federal Way, WA 98003 | Ms. Hintz is a Washington State Licensed Mental Health Counselor with Lutheran Counseling Network, and will testify regarding her treatment of Mr. McDade, and regarding his mental health issues following the incident that is the subject of this litigation.  Ms. Hintz will testify regarding her treatment of Mr. McDade's PTSD when he presented at various appointments.<br><br>Ms. Hintz will opine that the injuries sustained by Mr. McDade were directly caused by the incident and that the treatment rendered by Ms. Hintz at Lutheran Counseling Network was reasonable, necessary and related to the subject incident. The opinions offered by Ms. Hintz will be expressed on a more probable than not basis to a reasonable degree of medical certainty.<br><br>Ms. Hintz's testimony will be based on her examination and treatment of Mr. McDade and on her knowledge, skill, experience, training and education. | May testify |
| Dr. Jeffrey Schack<br>MultiCare<br>801 W 5th Ave, Ste 422<br>Spokane, WA 99204 | Dr. Jeffery Schack is a psychiatrist with MultiCare and will testify regarding his treatment of Mr. McDade.  Dr. Schack will testify regarding his treatment of Mr. McDade's PTSD when he presented at various appointments.<br><br>Dr. Schack will opine that the injuries sustained by Mr. McDade were directly caused by the incident and that the treatment rendered to Mr. McDade at MultiCare was reasonable, necessary and related to the subject incident.  The opinions | May testify |

| | | | |
|---|---|---|---|
| | offered by Dr. Schack will be expressed on a more probable than not basis to a reasonable degree of medical certainty. Dr. Schack's testimony will be based on his examination and treatment of Mr. McDade and on his knowledge, skill, experience, training and education. | | |
| **EXPERT WITNESSES** | | | |
| Paul Way, PE, CFI, CFEI, PI c/o Jensen Hughes 23109 55th Ave W Mountlake Terrace, WA 98043 | Mr. Way is a Registered Professional Electrical Engineer, a Certified Fire Investigator and a Certified Fire and Explosion Investigator and he will testify as to the same.  Mr. Way will also offer testimony to rebut the testimony of Eaton's experts, including R. Vasudevan and Brian Erga.  Mr. Way will testify regarding his opinions set forth in his expert report, his rebuttal report and his deposition testimony. | Will testify | |
| Douglas J. Barovsky, PE EFI Global 9316 Lakeview Ave SW, Bldg 21-C PO Box 98887 Lakewood, WA 98496 | Mr. Barovsky is a Registered Professional Engineer and Certified Fire and Explosion Investigator, specializing in product failures including electrical, electronic, gas appliance, and other equipment failures.  He is highly qualified to perform electric shock and electrocution analysis as well as explosion origin and cause investigations.  Mr. Barovksy will testify about his investigation, analysis, and conclusions related to this incident.  He will testify consistent with his reports, declaration, and deposition testimony. | Will testify | Defense MIL 4 |
| Suzanne Best, Ph.D. 1818 NE Irving Street Portland, OR 97232 | Dr. Best is a clinical psychologist. Her area of expertise focuses on evaluation and treatment of individuals exposed to trauma and | Will testify | |

| | | | |
|---|---|---|---|
| | she will testify as to the same. Dr. Best will also offer testimony to rebut the testimony of Eaton's expert, Dr. Ziegler. Dr. Best will testify regarding her opinions set forth in her expert reports, her rebuttal reports and her deposition testimony. | | |
| Anthony J. Choppa, Jr., M.Ed., C.R.C., C.C.M., C.D.M.S. c/o OSC Vocational Systems, Inc. 10132 NE 185th Street Bothell, WA 98011 | Mr. Choppa is a certified rehabilitation counselor, registered private rehabilitation counselor, certified disability management specialist, certified case manager, contractor counselor with Veteran's administration, certified vocational rehabilitation counselor and a vocational expert for the social security administration office of hearings and appeals and he will testify as to the same. Mr. Choppa will also offer testimony to rebut the testimony of Eaton's expert, William Skilling. Mr. Choppa will testify regarding his opinions set forth in his expert reports and his deposition testimony. | Will testify | |
| Christina P. Tapia, Ph.D. c/o NW Economics 1416 NW 46th St., Ste 105-PMB 337 Seattle, WA 98107 | Dr. Tapia is an economist. Her areas of expertise include economic analysis and financial investigations and she will testify as to the same. Dr. Tapia will also offer testimony to rebut the testimony of Eaton's expert, Laura Fuchs Dolan. Ms. Tapia will testify regarding her opinions set forth in her expert reports. | Will testify | |
| **DEFENDANT'S EXPERTS** | | | |
| Ramaswami "Vasu" Vasudevan, P.E., C.P.E., Sidhi Consultants, LLC 6440 Sky Pointe Dr., #140-492 Las Vegas, NV 89131 | Mr. Vasudevan is a registered professional engineer, and certified plant engineer. He is a Fellow of the National Academy of Forensic Engineers, and board certified Diplomate in Forensic Engineering by NAFE. He holds over 45 years of multi-disciplinary engineering experience in mechanical, electrical, | Will Testify | Plaintiffs' MILs 29, 30, 31, 33, 34 and 36. |

| | | | |
|---|---|---|---|
| | maintenance, systems and plant engineering fields.  Mr. Vasudevan is expected to testify on any issue within his expertise, including but not limited to, the analysis and evaluation of the issues involving the subject incident, as well as issues involving the design and manufacture of the subject product, quality of the product, negligence of any of the parties, and causation.  He will also rebut the testimony of plaintiff experts on the issue of product functionality and cause of the incident, including but not limited to Paul T. Way. | | |
| Dr. Elizabeth Ziegler, Ph.D., Licensed Psychologist; Neuropsychologist, Clinical & Forensic 421 West Riverside Ave, Suite 315 Spokane, WA 99201 | Dr. Ziegler, currently serves as a staff neuropsychologist at the MultiCare Neuroscience Institute, Neurology Center, in addition to managing an independent practice for neuropsychological and psychological assessment.  Her work in the outpatient neuropsychology clinic and practice, includes, comprehensive and brief neuropsychological testing, psychological assessment, report writing, and administration for a variety of diagnostic groups and referral questions (e.g., mild cognitive impairment, dementia, traumatic brain injury, tumor, movement disorders, and complex medical conditions).  Dr. Ziegler will testify regarding issues pertaining to damages and causation including, but not limited to, the psychological condition of plaintiffs.  She will also rebut the testimony of plaintiff expert Dr. Suzanne Best. | Will Testify | Plaintiffs' MILs 35-44. |
| Brian Erga, Chuckanut Consulting LLC. 247 Afterglow Dr. Friday Harbor, WA 98250 | Mr. Erga has nearly 50 years of electric utility experience, including in electric utility safety work practices and associated Federal OSHA regulations and national codes.  He holds significant experience in the operation, | Will Testify | Plaintiffs' MILs 24, 25, 27, 28, 34 and 36. |

| | | | |
|---|---|---|---|
| | maintenance and construction of electric utility systems and associated work methods. As an electrical engineer (BSEE), Mr. Erga has testified previously and provided consulting to Federal OSHA. He has designed and managed the construction, operation and maintenance of electrical overhead and underground, distribution and transmission systems energized from 120 Volts to 500,000 Volts.  Mr. Erga is expected to testify regarding standard local and national electrician safety practices and protocols related to working with and/or around energized electrical equipment, including but not limited to NFPA 70 and NFPA 70E Standard for Electrical Safety in the Workplace. He will also rebut the testimony of plaintiff expert Paul T. Way. | | |
| Dr. Mark Sofonio, M.D. 660 4th Street. #716 San Francisco, CA 94107 | Dr. Sofonio is board certified by the American Board of Plastic and Reconstructive Surgery.  He is also a member of the American College of Surgeons, and American Burn Association.  In addition to his residency training, Dr. Sofonio has also completed several post-residency fellowships, including supervising a Burn Unit/Wound Care Center at the Medical College of New York. Dr. Sofonio is expected to testify on issues pertaining to damages and causation including, but not limited to, the reasonableness of plaintiffs' future treatment, the reasonableness of plaintiffs' future medical expenses, plaintiffs' conditions and prognosis for the future. | Will Testify | |
| Laura Fuchs Dolan, M.B.A., Dolan Xitco 501 West Broadway, Suite 710 San Diego, CA 92101 | Laura Fuchs Dolan, M.B.A. is an economic expert currently serving as Principal of Dolan Xitco.  She was previously the Managing Director of LECG, and is a former shareholder of Mack/Barclay Inc., as well as a | Will Testify | |

PROPOSED PRETRIAL ORDER - Page 21

| | | | | |
|---|---|---|---|---|
| | former economic analyst for Brinton Economics, Inc.  Ms. Dolan has more than 20 years of experience in evaluating economic loss claims, in several industries, including financial services, healthcare, insurance, manufacturing, telecommunications, and professional services.  Ms. Dolan is expected to testify in rebuttal regarding plaintiffs' alleged economic losses and damages, including in response to Christina Tapia. | | | |
| William B. Skilling, M.A., William B. Skilling & Company 4616 25th Ave., NE, PMB 249 Seattle, WA 98105 | Mr. Skilling is a vocational rehabilitation expert.  In addition to holding a Master of Arts in Rehabilitation, he is also a certified Rehabilitation Counselor, certified Disability Management Specialist, and certified Life Care Planner.  He has also been registered by the Washington Department of Labor and Industries as a Vocational Rehabilitation Counselor.  Mr. Skilling is expected to testify as a rebuttal expert regarding plaintiffs' alleged damages, including in the category of future anticipated employment capacity, specifically as to the opinions of Anthony J. Choppa. | Will Testify | Plaintiffs' MILs 37-44. | |

## VII.   EXHIBITS[1]

The following is a list of all exhibits which will be offered by Parties at the time of trial, except exhibits to be used for impeachment only. The parties intend to present exhibits in electronic format to jurors ~~unless~~ *except for* physical evidence.

| JOINT EXHIBITS | | | | | |
|---|---|---|---|---|---|
| Ex. #. | Description | BATES | Authenticity | Admissibility | Objection |
| J-1 | 01.24.2019 Bug Plug Testing Field Service Report | EATON0 0051-58 | | | |
| J-2 | 12.12.2019 Field Service Report | EATON0 00060-73 | | | |

---

[1] *The exhibit chart reflects an amended version submitted by the Parties following the pretrial conference.*

| Ex. # | Description | BATES | Authenticity | Admissibility | Objection |
|---|---|---|---|---|---|
| J-3 | 12.23.2019 Field Service Report | EATON0 00075-94 | | | |
| J-4 | 02.05.2020 Field Service Report | EATON0 00096-117 | | | |
| J-5 | 12.17.2020 Eaton (Olin Stewart) e-mail | EATON0 0223-292 | | | |
| J-6 | 09.01.2008 Eaton BPC5480 Pow-R-Way III Bus Plug 200A K-Switch Final Assembly Plans; Rev 1 | EATON0 00293 | | | |
| J-7 | EATON Arc Flash Incident Energy Analysis | EATON0 0506-584 | | | |
| J-8 | 08.28.2018 Field Service Report | EATON0 0670-712 | | | |
| J-9 | Photos | EATON0 0856-913 | | | |
| J-10 | Purchase Order 6101-401721 | EATON0 1278 | | | |
| J-11 | 04.10.2020 Olin Stewart e-mail | N/A | | | |
| J-12 | Exemplar busplug and associated equipment provided by Eaton | N/A | | | |
| J-13 | Subject busplug and associated equipment | N/A | | | |
| **PLAINTIFFS' EXHIBITS** | | | | | |
| **Ex. #** | **Description** | **BATES** | **Authenticity** | **Admissibility** | **Objection** |
| P-1 | 01.24.2019 Letter from Eaton to Gary Keller (Cochran) enclosing Field Service Report for bus plug testing | EATON00 050 | | Disputed | FRE 403, V |
| P-2 | 12.12.2019 Letter from Eaton to Jason Axe with Field Service Report | EATON00 0059 | | Disputed | FRE 403, V |
| P-3 | 12.23.2019 Letter from Eaton to "Json Axe" with Field Service Report for "re-commissioning od [*sic*] buss-duct and buss-plugs." | EATON00 0074 | | Disputed | FRE 403, V |
| P-4 | 02.05.2020 Letter from Eaton with Field Service Report for the re-commissioning of buss-duct and buss-plugs | EATON00 0095 | | Disputed | FRE 403, V |
| P-5 | Busway Product Line Organization Chart | EATON00 161 | | Disputed | FRE 401/402, 403, R, V |
| P-6 | Busway Plant Organization Chart | EATON00 162 | | Disputed | FRE 401/402, 403 R, V |

PROPOSED PRETRIAL ORDER - Page 23

| | | | | | |
|---|---|---|---|---|---|
| P-7 | 03.12.2020 ESi Participant Log | EATON00 206 | | | |
| P-8 | 09.21.2020 Letter from Skanska to Eaton | EATON00 208-222 | | | |
| P-9 | Eaton Installation Series 09-Pow-R-Way III busway bus plug installation - YouTube | N/A | | Disputed | FRE 403, V, M, C |
| P-10 | Eaton 11-part video series: Part 2 http://site-340394.bcvp0rtal.com/detail/video/2602651330001/02-pow-r-way-iii-busway-indoor-joint-installation?autoStart=true&q=POW-R-WAY | N/A | | Disputed | FRE 403, V, M, C |
| P-11 | Eaton 11-part video series: Part 3 http://site-340394.bcvp0rtal.com/detail/video/2602645485001/03-pow-r-way-iii-busway-hanger-installation?autoStart=true&q=POW-R-WAY | N/A | | Disputed | FRE 403, V, M, C |
| P-12 | Arc flash explosion video (http://site-340394.bcvp0rtal.com/detail/video/6256039547001/arc-flash-explosion?q=Arc%20flash) | N/A | | Disputed | FRE 403 V, M, C |
| P-13 | Switches and Disconnects web page by Eaton https://www.eaton.com/us/en-us/products/low-voltage-power-distribution-control-systems/switches---disconnects/switches-fundamentals.html | N/A | | Disputed | FRE 403 V, M, C |
| P-14 | Laboratorium Internal Arc Flash Test Video by Eaton https://videos.eaton.com/detail/video/4022802956001/laboratorium-internal-arc-flash-test?autoStart=true&q=arc%20flash%20 | N/A | | Disputed | FRE 403 V, M, C |
| P-15 | February 27, 2020 Sidhi Consultants e-mail to Cochran re | EATON00 922-944 | | Disputed | FRE 403 V, M, C |

PROPOSED PRETRIAL ORDER - Page 24

| | | | | | |
|---|---|---|---|---|---|
| | | examinations and forensic engineering analysis | | | |
| P-16 | December 18, 2019 Eaton e-mail to Eaton re inspection of remaining bus plugs w/ photos | EATON00 945-953 | | Disputed | FRE 403 V, M, C |
| P-17 | December 19, 2019 Eaton e-mail re Orders from Skanska to remove Bus Plug | EATON00 954-957 | | Disputed | FRE 403 V, M, C |
| P-18 | March 30, 2020 Cochran e-mail to Wes Wuerch re Esi's March 24, 2020 report | EATON00 0994-01006 | | Disputed | FRE 403 V, M, C |
| P-19 | January-March 2020 e-mail chain including Eaton, Cochran, Esi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug | EATON00 1007-1014 | | Disputed | FRE 403 V, M, C |
| P-20 | December 2019 e-mail chain including Cochran, Eaton & Wesco re Fuses and Bussing | EATON00 1022-1027 | | Disputed | FRE 403 V, M, C |
| P-21 | January-March 2020 e-mail chain including Eaton, Cochran, Esi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug and confirmation of March 11 & 12 site and lab inspection | EATON00 1029-1038 | | Disputed | FRE 403 V, M, C |
| P-22 | December 2019 e-mail chain including Cochran, Eaton & Wesco re Fuses and Bussing and confirming order with Molly Hendryx | EATON00 1039-1044 | | Disputed | FRE 403 V, M, C |
| P-23 | Attachments to December 2019 e-mail chain including Cochran, Eaton & Wesco re Fuses and Bussing and fuse and plug info from Tim Brennan | EATON00 1066-1074 | | Disputed | FRE 403 V, M, C |
| P-24 | December 2019 e-mail chain including Cochran, Eaton & Wesco re Fuses and Bussing and fuse and plug info from Tim Brennan | EATON00 1080-1084 | | Disputed | FRE 403 V, M, C |
| P-25 | January-February 2020 e-mail chain including Eaton, Cochran, Esi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug and concerns from Barovsky on scheduling | EATON00 1090-1091 | | Disputed | FRE 403 V, M, C |

| P-26 | December 2019 e-mail chain including Cochran, Eaton & Wesco re Fuses and Bussing and fuse and plug info from Tim Brennan | EATON00 1092-1094 | | Disputed | FRE 403 V, M, C |
| P-27 | January-February 2020 e-mail chain including Eaton, Cochran, Esi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug and concerns from Barovsky on scheduling | EATON00 1097-1099 | | Disputed | FRE 403 V, M, C 3 |
| P-28 | January-February 2020 e-mail chain including Eaton, Cochran, Esi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug and concerns from Barovsky on scheduling | EATON00 1104-1105 | | Disputed | FRE 403 V, M, C |
| P-29 | January-February 2020 e-mail chain including Eaton, Cochran, Esi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug and confirmation from Praetorian Power on dates | EATON00 1118-1124 | | Disputed | FRE 403 V, M, C |
| P-30 | December 2019 e-mail chain including Cochran, Eaton & Wesco re Fuses and Bussing and fuse and plug info from Tim Brennan | EATON00 1131-1132 | | Disputed | FRE 403 V, M, C 3 |
| P-31 | December 19, 2019 e-mail chain including Eaton and Cochran RE "Support from Eaton Team" | EATON 01139-1141 | | Disputed | FRE 403 V, M, C |
| P-32 | December 19, 2019 e-mail chain RE: CQM sent to Eaton employees on the "Busway Team" | EATON01 145-1151 | | Disputed | FRE 403 V, M, C |
| P-33 | January-February 2020 e-mail chain including Eaton, Cochran, ESi, Arco, Praetorian Power, & Vasu re testing of new 200amp bus plug and concerns from Barovsky on scheduling | EATON01 155-61 | | Disputed | FRE 403 V, M, C |
| P-34 | January-February 2020 e-mail chain including Eaton, Cochran, ESi, Arco testing of new 200amp bus plug and concerns from Barovsky on scheduling | EATON01 162-1165 | | Disputed | FRE 403 V, M, C |

| P-35 | January-March 2020 e-mail chain regarding testing and forthcoming ESi report. | EATON01175-1188 | | Disputed | FRE 403 V, M, C |
|------|---|---|---|---|---|
| P-36 | December 23, 2019 e-mail chain between Eaton and Wesco RE Eaton's testing of 2 + U bus plugs, including attachments | EATON01280-1285 | | Disputed | FRE 403 V, M, C |
| P-37 | E-mail chain including R. Vasu Vasudevan e-mail confirming availability to participate in forensic examination on behalf of Eaton. | EATON01294-1302 | | Disputed | FRE 403 V, M, C |
| P-38 | February 3, 2020 email between Eaton and Cochran regarding February 3, 2020 letter from Eaton to Cochran entitled "Eaton Warranty on Bus Risers—GO #MSE0008564" and attaching the same. | EATON01327-1330 | | Disputed | FRE 403 V, M, C |
| P-39 | January 2020 e-mail chain between Cochran and Eaton discussing expediting replacement equipment. | EATON01338-1340 | | Disputed | FRE 403 V, M, C |
| P-40 | December 19, 2019 e-mail forward from Cochran to Eaton regarding removal of subject bus plug from job site. | EATON01341-1342 | | Disputed | FRE 403 V, M, C |
| P-41 | December 19, 2019 e-mail chain RE support from Eaton team related to removal of damaged bus plug. | EATON1347-1348 | | Disputed | FRE 403 V, M, C |
| P-42 | January 2-January 13, 2020 email chain between Cochran's Chrys Burge and EATON's Wes Wuerch | N/A | | Disputed | FRE 403 V, M, C |
| P-43 | September 27, 2019 Electrical Gear Submittal Package | N/A | | | |
| P-44 | McDade Employment Records | COCHRAN_000037-43 | | | |
| P-45 | Cochran Paystubs 6/19/22-8/14/22 (Fitzpatrick) | N/A | | Disputed | Defense MIL    9 |
| P-46 | Cochran Paystubs 6/26/22 – 8/21/22 (McDade) | N/A | | Disputed | Defense MIL    9 |

| P-47 | Inside Construction Agreement (WIRE) Area Wage Report | N/A | | Disputed | Defense MIL 9 |
|---|---|---|---|---|---|
| P-48 | Labor Agreement between Local Union No. 46 | N/A | | Disputed | Defense MIL 9 |
| P-49 | Puget Sound Electric Workers Pension Plan | N/A | | Disputed | Defense MIL 9 |
| P-50 | 12.18.2019 E-mail from Carisa Kruse (Wesco) to Eaton | Wesco-003702-703 | | Disputed | FRE 403 V, M, C |
| P-51 | 12.18.2019 E-mails from Kelly Vensel (Eaton) to Carisa Kruse (Eaton) | Wesco-003704-717 | | Disputed | FRE 403 V, M, C |
| P-52 | 12.18.2019 e-mails | Wesco-003718-723 | | Disputed | FRE 403 V, M, C |
| P-53 | 12.19.2019 E-mails | Wesco-003729-733 | | Disputed | FRE 403 V, M, C |
| P-54 | 12.19.2019 Eaton quote | Wesco-003734-736 | | Disputed | FRE 403 V, M, C |
| P-55 | 12.18.2019 E-mails | Wesco-003737-750 | | Disputed | FRE 403 V, M, C |
| P-56 | Eaton 2 and U Bus replacement sheet | Wesco-003751-752 | | Disputed | FRE 403 V, M, C |
| P-57 | 12.20.2019 Eaton/Wesco e-mails about replacement parts | Wesco-003753-779 | | Disputed | FRE 403 V, M, C |
| P-58 | 12.23.2019 E-mails | Wesco-004164-4218 | | Disputed | FRE 403 V, M, C |
| P-59 | 12.26.2019 E-mails | Wesco-004220-223 | | Disputed | FRE 403 V, M, C |
| P-60 | 12.26.2019 Eaton bus plug order | Wesco-004224-241 | | Disputed | FRE 403 V, M, C |

PROPOSED PRETRIAL ORDER - Page 28

| P-61 | 2020 e-mails | Wesco-004884-933 | | Disputed | FRE 403 V, M, C |
|------|--------------|------------------|--|----------|-----------------|
| P-62 | 05.05.2020 e-mail about bus plug that blew up, charge back to Eaton | Wesco-005506-005512 | | Disputed | FRE 403 V, M, C |
| P-63 | 04.28.2020 Cochran invoice for buss plug incident | Wesco-005513 | | Disputed | FRE 403 V, M, C |
| P-64 | May 2020 e-mails between Eaton and Wesco | Wesco-005514-519 | | Disputed | FRE 403 V, M, C |
| P-65 | May 2020 e-mails about ESI report | Wesco-005521-005548 | | Disputed | FRE 403 V, M, C |
| P-66 | David Fitzpatrick's clothing from date of incident | N/A | | | |
| P-67 | Photographs of David Fitzpatrick | N/A | | | |
| P-68 | Photographs of Ryan McDade | N/A | | | |
| P-69 | All figures, charts and diagrams included in Paul Way's expert report and rebuttal report | N/A | | | |
| P-70 | Photo of Eaton bus plug from floor 31 | N/A | | Disputed | FRE 403, V |
| P-71 | Level 9 Electrical Room Photos<br>• IMG_2842 – 2857 | N/A | | Disputed | FRE 403, V |
| P-72 | PSE Final Report: Skanska Bus Plug Inspections 2 + U Building | N/A | | Disputed | FRE 403, 802, V, H |
| P-73 | May 8, 2020 L&I Letter to Cochran | N/A | | Disputed | FRE 403, 802, V, H |
| P-74 | May 8, 2020 L&I Results of Inspection | N/A | | Disputed | FRE 403, 802, V, H |
| P-75 | L&I Inspection Summary Report | N/A | | Disputed | FRE 403, 802, V, H |
| P-76 | L&I Case Information | N/A | | Disputed | FRE 403, 802, V, H |
| P-77 | Evergreen Health 3/29/17 records (Any L&I and insurance information redacted) | EHP000069-75 | | | |
| P-78 | Evergreen Health 12/17/19 records (Any L&I and insurance information redacted) | EHP000019-23 | | | |

PROPOSED PRETRIAL ORDER - Page 29

| P-79 | Evergreen Health 12/31/19 records (Any L&I and insurance information redacted) | EHP000080 | | | |
|---|---|---|---|---|---|
| P-80 | Evergreen Health 12/1/20 records (Any L&I and insurance information redacted) | EHP000041 | | | |
| P-81 | Evergreen Health 12/14/20 records (Any L&I and insurance information redacted) | EHP000058-61 | | | |
| P-82 | Evergreen Health 2/4/20 records (Any L&I and insurance information redacted) | EHP000102-113 | | | |
| P-83 | Evergreen Health 2/9/20 records (Any L&I and insurance information redacted) | EHP000105-107 | | | |
| P-84 | Evergreen Health 3/8/20 records (Any L&I and insurance information redacted) | EHP00096-98 | | | |
| P-85 | Evergreen Health 7/16/20 records (Any L&I and insurance information redacted) | EHP000066-69 | | | |
| P-86 | Evergreen Health 7/20/20 records (Any L&I and insurance information redacted) | EHP000028-29 | | | |
| P-87 | Evergreen Health 8/6/20 records (Any L&I and insurance information redacted) | EHP000061-66 | | | |
| P-88 | Evergreen Health 1/14/21 records (Any L&I and insurance information redacted) | EHP000054-58 | | | |
| P-89 | Evergreen Health 1/11/22 records (Any L&I and insurance information redacted) | EHP000050-53 | | | |
| P-90 | Lutheran Counseling Network 8/25/20 records (Any L&I and insurance information redacted) | LCN000057-65 | | | |
| P-91 | Lutheran Counseling Network 9/1/20 records (Any L&I and insurance information redacted) | LCN000050-56 | | | |
| P-92 | Lutheran Counseling Network 9/9/20 records (Any L&I and insurance information redacted) | LCN000046-49 | | | |

PROPOSED PRETRIAL ORDER - Page 30

| P-93 | Lutheran Counseling Network 10/13/20 records (Any L&I and insurance information redacted) | LCN0000 36-39 | | | |
|---|---|---|---|---|---|
| P-94 | Lutheran Counseling Network 10/27/20 records (Any L&I and insurance information redacted) | LCN0000 32-35 | | | |
| P-95 | Lutheran Counseling Network 12/27/20 records (Any L&I and insurance information redacted) | LCN0000 26-29 | | | |
| P-96 | Lutheran Counseling Network 1/6/21 records (Any L&I and insurance information redacted) | LCN0000 23-25 | | | |
| P-97 | Lutheran Counseling Network 1/19/21 records (Any L&I and insurance information redacted) | LCN0000 18-22 | | | |
| P-98 | Lutheran Counseling Network 2/16/21 records (Any L&I and insurance information redacted) | LCN0000 15-16 | | | |
| P-99 | Lutheran Counseling Network 3/2/21 records (Any L&I and insurance information redacted) | LCN0000 12-14 | | | |
| P-100 | Lutheran Counseling Network 8/24/21 records (Any L&I and insurance information redacted) | LCN0000 10-11 | | | |
| P-101 | Lutheran Counseling Network 10/1/21 records (Any L&I and insurance information redacted) | LCN0000 09 | | | |
| P-102 | Lutheran Counseling Network 8/20/20 records (Any L&I and insurance information redacted) | LCN0000 03-5 | | | |
| P-103 | Harborview Medical Center 12/17/19 records (Any L&I and insurance information redacted) | UWM000 349-362, 378-379, 358-398 | | | |

| | | | | |
|---|---|---|---|---|
| P-104 | Harborview Burn & Plastic Surgery Clinic 12/31/19 records (Any L&I and insurance information redacted) | UWM000 299-348 | | |
| P-105 | Harborview Burn & Plastic Surgery Clinic 1/2/20 records (Any L&I and insurance information redacted) | UWM000 297 | | |
| P-106 | Harborview Burn & Plastic Surgery Clinic 1/7/20 records (Any L&I and insurance information redacted) | UWM000 241-296 | | |
| P-107 | Harborview Medical Center 2/4/20 records (Any L&I and insurance information redacted) | UWM000 159-164 | | |
| P-108 | Harborview Burn & Plastic Surgery Clinic 2/4/20 records (Any L&I and insurance information redacted) | UWM000 165-186-198, 200-201 | | |
| P-109 | Harborview Medical Center Heart Institute 3/5/20 records (Any L&I and insurance information redacted) | UWM000 119-141, 157-158 | | |
| P-110 | Harborview Medical Center Eye Institute 3/5/20 records (Any L&I and insurance information redacted) | UWM000 142-156 | | |
| P-111 | Harborview Burn & Plastic Surgery Clinic 3/6/20 records (Any L&I and insurance information redacted) | UWM000 083, UWM000 092-96 | | |
| P-112 | Harborview Medical Center 3/26/20 records (Any L&I and insurance information redacted) | UWM000 067-80 | | |
| P-113 | Harborview Medical Center 4/15/20 records (Any L&I and insurance information redacted) | UWM000 037-66, 375-377, 428-438 | | |
| P-114 | Harborview Medical Center Heart Institute 4/30/20 records (Any L&I and insurance information redacted) | UWM000 032-36 | | |

| | | | | | |
|---|---|---|---|---|---|
| P-115 | Harborview Medical Center Eye Institute 6/5/20 records (Any L&I and insurance information redacted) | UWM000 021-25 | | | |
| P-116 | Harborview Medical Center Eye Institute 9/24/20 records (Any L&I and insurance information redacted) | UWM000 010-11 | | | |
| P-117 | LifeStance Health 3/14/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-118 | LifeStance Health 3/16/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-119 | LifeStance Health 3/29/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-120 | LifeStance Health 4/12/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-121 | LifeStance Health 4/26/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-122 | LifeStance Health 5/17/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-123 | LifeStance Health 6/7/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-124 | LifeStance Health 7/5/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-125 | LifeStance Health 7/26/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-126 | LifeStance Health 8/16/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-127 | LifeStance Health 8/30/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-128 | LifeStance Health 10/19/22 records (Any L&I and insurance information redacted) | N/A | | | |
| P-129 | LifeStance Health 11/15/22 records | N/A | | | |

PROPOSED PRETRIAL ORDER - Page 33

| | | | | | | |
|---|---|---|---|---|---|---|
| | | (Any L&I and insurance information redacted) | | | | |
| | P-130 | LifeStance Health 12/8/22 records (Any L&I and insurance information redacted) | N/A | | | |
| | P-131 | LifeStance Health 12/19/22 records (Any L&I and insurance information redacted) | N/A | | | |
| | P-132 | LifeStance Health 1/5/23 records (Any L&I and insurance information redacted) | N/A | | | |
| | P-133 | Illustratives | N/A | | | Reserved |
| | P-134 | Douglas Barovsky, PE's Expert Report, dated August 31, 2022 | N/A | | | |
| | P-135 | Douglas Barovsky, PE's CV | N/A | | | |
| | P-136 | Paul Way, PC, CFI, CFEI, PI's Expert Report, dated August 31, 2022 | N/A | | | |
| | P-137 | Paul Way, PC, CFI, CFEI, PI's Rebuttal Expert Report, dated September 20, 2022 | N/A | | | |
| | P-138 | Paul Way, PC, CFI, CFEI, PI's CV | N/A | | | |
| | P-139 | Suzanne Best, Ph.D.'s Expert Report re David Fitzpatrick, dated August 24, 2022 | N/A | | | |
| | P-140 | Suzanne Best, Ph.D.'s Expert Report re Ryan McDade, dated August 24, 2022 | N/A | | | |
| | P-141 | Suzanne Best, Ph.D.'s Rebuttal Expert Report re David Fitzpatrick, dated September 16, 2022 | N/A | | | |
| | P-142 | Suzanne Best, Ph.D.'s Rebuttal Expert Report re Ryan McDade, dated September 16, 2022 | N/A | | | |
| | P-143 | Suzanne Best, Ph.D.'s CV | N/A | | | |
| | P-144 | Anthony Choppa, Jr., M.Ed., C.R.C., C.C.M., C.D.M.S.'s Expert Report re David Fitzpatrick, dated August 30, 2022 | N/A | | | |
| | P-145 | Anthony Choppa, Jr., M.Ed., C.R.C., C.C.M., C.D.M.S.'s Expert Report re Ryan McDade, dated August 30, 2022 | N/A | | | |
| | P-146 | Anthony Choppa, Jr., M.Ed., C.R.C., C.C.M., C.D.M.S.'s CV | N/A | | | |

PROPOSED PRETRIAL ORDER - Page 34

| P-147 | Christina Tapia, Ph.D.'s Expert Report re David Fitzpatrick, dated August 31, 2022 | N/A | | | |
|---|---|---|---|---|---|
| P-148 | Christina Tapia, Ph.D.'s Expert Report re Ryan McDade, dated August 31, 2022 | N/A | | | |
| P-149 | Christina Tapia, Ph.D.'s CV | N/A | | | |
| P-150 | Photographs taken by Douglas Barovsky | N/A | | | |
| P-151 | Photos of Equipment, Clothing, Electrical Room<br>• Photos 1-73 produced in response to Eaton's RFP No. 2.<br>• Photo produced in response to Eaton's RFP No. 8 (work gloves) | N/A | | Disputed | FRE 403, V |

| DEFENDANT'S EXHIBITS | | | | | |
|---|---|---|---|---|---|
| Ex. #. | Description | BATES | Authenticity | Admissibility | Objection |
| D-1 | Pow-R-Way III Busway Layout Drawings | EATON00002-26 | | | |
| D-2 | Pow-R-Way III Busway Layout and Assembly Instructions | EATON00027-49 | | Disputed | 403, F, M, C, V |
| D-3 | Eaton Low Voltage Busway Pow-R-Way III Manual | EATON00118-133 | | | |
| D-4 | NEMA Standards Publication BU1.1-2010 | EATON00134-156 | | Disputed | MIL |
| D-5 | Pow-R-Way III Bus Plug 200 AMP Switch Final Assembly | EATON00157-160 | | | |
| D-6 | PO No. 6101-235564 | EATON00163-164 | | | |
| D-7 | Eaton Distributor Agreement (WESCO), Selling Policy 25-000 attached | EATON00165-191 | | Disputed | 402, FRE 403, C, M, F |
| D-8 | Bill of Materials BPC480G01 | EATON00192-193 | | | |
| D-9 | Drawings/Specifications | EATON00293-00424 | | Disputed | 402, FRE 403, C, M, V |
| D-10 | Shipping Order GO No. MSE0008564BUSA417612825 | EATON00425-427 | | Disputed | 402, 403, C, M, V, F |
| D-11 | Drawings/Specifications | EATON00430-00505 | | Disputed | 403, 403, C, M, V |

| D-12 | 8-15-18 Short-Circuit, Selective & Protective Device Coordination, AC Arc Flash Incident Energy Analysis for 2 and U | EATON0 0506-00668 | | Disputed | (Objection to EATON00 585 – 668) 402, 403, 802, C, M, V. |
|---|---|---|---|---|---|
| D-13 | 8-28-18 Field Service Report – Acceptance Testing - ESE0015666 2 U Preliminary SU Report | EATON00 669-710 | | Disputed | D (P-34) |
| D-14 | 2-10-19 Bus Plug Test Data Sheets - 2U Bus Plug Test Data Sheets | EATON00 711-713 | | Disputed | D (P-34) |
| D-15 | 5-25-20 Field Service Report – Acceptance Testing - SSE1036219 Reports | EATON00 714-717 | | | |
| D-16 | Hi Pot Test | EATON00 718-720 | | Disputed | 402, 403, C, M, V, F, E |
| D-17 | BOM | EATON00 721-724 | | Disputed | 402, 403, C, F |
| D-18 | Work Instructions | EATON00 725-750 | | Disputed | 402, 403, C, M, V, F, E |
| D-19 | Drawings/Specifications | EATON0 0751-00855 | | Disputed | 402, 403, C, M, V |
| D-20 | 2+U Oneline As Built Diagram | EATON01 133-01138 | | Disputed | 402, 403, C, M ,F, V |
| D-21 | Multicare West Tacoma Family Medicine and Urgent Care | MCDADE _MR_000 43-44  and 46-61 | | Disputed | Contains collateral source. Contains PPI in violation of LCR 5.2. Reference to medical bills on page 43. |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Medical Bills on page 45 removed. |
| D-22 | Clinic Dermatology | MCDADE _MR_001 53-155 and 163-170 | | Disputed | Contains collateral source. Contains PPI in violation of LCR 5.2. Reference to medical bills on page 153-155.<br><br>Medical bills on pages 156-162 removed. |
| D-23 | **Reserved** | | | | |
| D-24 | **Reserved** | | | | |
| D-25 | **Reserved** | | | | |
| D-26 | **Reserved** | | | | |
| D-27 | Ramaswami "Vasu" Vasudevan – Expert Report dated August 29, 2022 | | | Disputed | MIL 21 |
| D-28 | Ramaswami "Vasu" Vasudevan – CV / Fee List / Depo List | | | Disputed | MIL 21 |
| D-29 | Ramaswami "Vasu" Vasudevan – Appendix 1– Notes 031120 | | | Disputed | MIL 21 |
| D-30 | Ramaswami "Vasu" Vasudevan – Appendix 2– 1912142 031120 Photos | | | Disputed | MIL 21 |
| D-31 | Ramaswami "Vasu" Vasudevan – Appendix 3– Notes 031220 | | | Disputed | MIL 21 |
| D-32 | Ramaswami "Vasu" Vasudevan – Appendix 4– 3- Photos | | | Disputed | MIL 21 |
| D-33 | Ramaswami "Vasu" Vasudevan – Appendix 8– Research & Supplied | | | Disputed | MIL 21, 22 |
| D-34 | Ramaswami "Vasu" Vasudevan – Appendix 9– Others | | | Disputed | MIL 21, 22. |
| D-35 | Dr. Elizabeth Ziegler – Expert Report re David Fitzpatrick dated August 31, 2022 | | | Disputed | MIL 21 |

| D-36 | Dr. Elizabeth Ziegler – Expert Report re Ryan McDade dated August 30, 2022 | | | Disputed | MIL 21 |
|---|---|---|---|---|---|
| D-37 | Dr. Elizabeth Ziegler – CV / Fee List / Depo List | | | Disputed | MIL 21 |
| D-38 | Brian Erga – Expert Report dated August 30, 2022 | | | Disputed | MIL 21 |
| D-39 | Brian Erga – CV / Fee List / Depo List | | | Disputed | MIL 21 |
| D-40 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / 1584-2002 | | | Disputed | MIL 22 |
| D-41 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / 1584a-2004 | | | Disputed | MIL 22 |
| D-42 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / 1584b-2011 | | | Disputed | MIL 22 |
| D-43 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / CL_Fuse_test_data.xls | | | Disputed | MIL 22 |
| D-44 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / Data_set.xls | | | Disputed | MIL 22 |
| D-45 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / IEEE License Agreement_FINAL_6.8.2011 | | | Disputed | MIL 22 |
| D-46 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / IEEE_1584_Arc_Flash_Hazard.xls | | | Disputed | MIL 22 |
| D-47 | Brian Erga – Erga Reliance Materials, Standards and | | | Disputed | MIL 22 |

PROPOSED PRETRIAL ORDER - Page 38

| | | | | | |
|---|---|---|---|---|---|
| | Publications / IEEE_1584_Arc_Flash_Hazard / IEEE_1584_Bolted_Fault_Cal.xls | | | | |
| D-48 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE_1584_Arc_Flash_Hazard / Test_results_database.xls | | | Disputed | MIL 22 |
| D-49 | Brian Erga – Erga Reliance Materials, Standards and Publications / 70E-18-PDF | | | Disputed | MIL 22 |
| D-50 | Brian Erga – Erga Reliance Materials, Standards and Publications / Arc rating of gloves sept 06 | | | Disputed | MIL 22 |
| D-51 | Brian Erga – Erga Reliance Materials, Standards and Publications / ASTM F1506-2020 | | | Disputed | MIL 22 |
| D-52 | Brian Erga – Erga Reliance Materials, Standards and Publications / C2-2017 Unencrypted PDF | | | Disputed | MIL 22 |
| D-53 | Brian Erga – Erga Reliance Materials, Standards and Publications / F1506-902 | | | Disputed | MIL 22 |
| D-54 | Brian Erga – Erga Reliance Materials, Standards and Publications / F1959 test std for arc rating clothes | | | Disputed | MIL 22 |
| D-55 | Brian Erga – Erga Reliance Materials, Standards and Publications / F2178.1751 | | | Disputed | MIL 22 |
| D-56 | Brian Erga – Erga Reliance Materials, Standards and Publications / IEEE paper--Open Air and Padmount Arc Flash Marsha June 11 | | | Disputed | MIL 22 |
| D-57 | Brian Erga – Erga Reliance Materials, Standards and Publications / Low-Voltage Arc Sustainability | | | Disputed | MIL 22 |
| D-58 | Dr. Mark Sofonio – Expert Report re Edgar Apodaca dated August 31, 2022 | | | Disputed | MIL 21 |
| D-59 | Dr. Mark Sofonio – Expert Report re David Fitzpatrick dated August 31, 2022 | | | Disputed | MIL 21 |

| D-60 | Dr. Mark Sofonio –<br>Expert Report re Ryan McDade dated August 30, 2022 | | | Disputed | MIL 21 |
|---|---|---|---|---|---|
| D-61 | Dr. Mark Sofonio –<br>CV & Fee List | | | Disputed | MIL 21 |
| D-62 | Ramaswami "Vasu" Vasudevan – Expert Rebuttal Report dated September 30, 2022 | | | Disputed | MIL 21 |
| D-63 | Dr. Elizabeth Ziegler – Expert Rebuttal Report re David Fitzpatrick dated September 30, 2022 | | | Disputed | MIL 21 |
| D-64 | Dr. Elizabeth Ziegler – Expert Rebuttal Report re Ryan McDade dated September 30, 2022 | | | Disputed | MIL 21 |
| D-65 | Laura Dolan – Expert Rebuttal Report dated September 29, 2022 | | | Disputed | MIL 21 |
| D-66 | Laura Dolan – CV / Fee List / Depo List | | | Disputed | MIL 21 |
| D-67 | William Skilling – Expert Rebuttal Report for Ryan McDade dated September 30, 2022 | | | Disputed | MIL 21 |
| D-68 | William Skilling – Expert Rebuttal Report for David Fitzpatrick dated September 30, 2022 | | | Disputed | MIL 21 |
| D-69 | William Skilling –<br>CV / Fee List / Depo List | | | Disputed | MIL 21 |
| D-70 | Cochran Electric Injury and Illness Prevention Program | LNI PDR 0000003-139 | | Disputed | MIL 45 |
| D-71 | Cochran Electric Safety Manual, Version 1, November 13, 2020 | | | Disputed | MIL 45 |
| D-72 | Fitzpatrick Employment File | COCHRAN_00001-21 | | Disputed | 402, 403, C, M, V, P |
| D-73 | Illustratives | | TBD | Reserved | |

The Parties' Objection Code:

| MIL | Subject of Motion In Limine |
|---|---|
| C | Confusion of Issues |
| M | Misleading to the Jury |
| V | Cumulative |
| F | Lack of Foundation |
| E | Document Not In English |
| P | Contains Personal Private Information |
| D | Duplicate Exhibit |

| H | Hearsay |
|---|---|
| R | Relevance |

## VIII. DEPOSITION DESIGNATIONS

~~The following is a list of any portions of deposition transcripts to be offered by Plaintiffs at trial, as specified in LCR 32(e), except for deposition testimony offered solely for impeachment~~ ***The deposition designations chart reflects an amended version submitted by the Parties (Dkt. No. 125) and the Court's rulings on each designation and counter-designation***:

***Deposition Transcript of Robert Keith Hughes – Eaton's Fed. R. Civ. P. 30(b)(6) Designee***[2]

| PAGE/LINE NO. | NATURE OF OBJECTION | RESPONSE | COURT'S RULING |
|---|---|---|---|
| *6:15-25* | *No objection.* | *N/A* | **n/a** |
| *10:19-25* | *No objection.* | *N/A* | **n/a** |
| *11:2-23* | *No objection.* | *N/A* | **n/a** |
| *12:5-24* | *No objection.* | *N/A* | **n/a** |
| *13:8-18* | *No objection.* | *N/A* | **n/a** |
| 20:14 to 21:8 | 20:18-21:8- FRE 401/402, 403 R, M, C | Katelyn Frost was allegedly involved in the initial investigation and her involvement with the same is relevant, as well as Mr. Hughes' preparation as a Fed. R. Civ. P. 30(b)(6) witness. | **Overruled** |
| 21:15 to 21:21 | FRE 401/402, 403 R, M, C | Katelyn Frost was allegedly involved in the initial investigation and her involvement with the same is relevant, as well as Mr. Hughes' preparation as a Fed. R. Civ. P. 30(b)(6) witness. | **Overruled** |
| 25:19 to 25:25 | FRE 401/402, 403 R, M, C | Katelyn Frost was allegedly involved in the initial investigation and her involvement with the same is relevant, as well as Mr. | **Overruled** |

[2] ***Standard font is Plaintiffs' Designations and italic font is Defendant's Counter-Designations.***

| | | Hughes' preparation as a Fed. R. Civ. P. 30(b)(6) witness. | |
|---|---|---|---|
| 27:5-7 | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony providing Eaton's position on no product failure, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| 34:3-35:9 | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony providing information regarding technical knowledge and state of the subject equipment post-incident, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled, but 34:12 to 35:9 excluded as unnecessary and cumulative as Vasudevan will be testifying** |
| 36:13 to 37:19 | FRE 802 H | Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). | **Overruled** |
| *38:19 to 38:24* | *No objection* | *N/A* | **n/a** |
| 39:1 to 39:24 | FRE 802 H | Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). | **Overruled** |
| 40:11 to 40:18 | FRE 403, 602 M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Overruled** |

PROPOSED PRETRIAL ORDER - Page 42

| | | | |
|---|---|---|---|
| 40:23 to 41:13 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Sustained as to 41:4–11 (confusing/misleading)** |
| 41:15 to 42:23 | FRE 401/402, 403, 802, 602 R, M, C, H, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). | **Sustained (confusing/misleading; hearsay)** |
| 43:3 to 44:12 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, | **Sustained as to 43:3–44:5 (confusing); Overruled as to 44:6–12** |

| | | | |
|---|---|---|---|
| | | any objection under FRE 602 is improper. | |
| 44:14 to 44:23 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 45:16 to 45:22 | RE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 46:5 to 46:18 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Overruled** |
| 46:25 to 47:11 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's | **Overruled** |

| | | investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | |
|---|---|---|---|
| 48:13 to 48:23 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 49:22 to 51:7 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 55:3 to 55:9 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 56:1 to 56:13 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the | **Overruled** |

| | | incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | |
|---|---|---|---|
| 57:17 to 58:7 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Overruled** |
| 60:6 to 60:16 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 60:25 to 61:3 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 62:19 to 63:11 | FRE 403 M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did | **Overruled** |

| | | | |
|---|---|---|---|
| | | during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | |
| *65:23 to 66:13* | *No objection* | *N/A* | **n/a** |
| 68:8 to 68:22 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | **Overruled** |
| 68:23 to 69:11 | FRE 401/402, 403, 602 R, M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Overruled** |
| 72:9 to 72:15 | FRE 802 H | Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). | **Overruled** |
| 79:24 to 80:7 | FRE 403, 802 M, C, H | Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). | **Sustained as to the reference to Cochran at 80:4 (hearsay)** |
| 81:22 to 82:6 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was | **Overruled** |

PROPOSED PRETRIAL ORDER - Page 47

| | | within the scope of the Fed. R. Civ. P. 30(b)(6) Notice. | |
|---|---|---|---|
| 85:1 to 91:1 | FRE 401/402, 403, 701 R, M, C, Scope | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice (See Topics Nos. 36, 37, 40, 42). | **Overruled, except 88:21 to 89:8 is excluded (confusing, cumulative)** |
| 92:4 to 92:7 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. | **Overruled** |
| 93:13 to 93:20 | FRE 401/402, 403, 701 R, M, C, Scope | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice (See Topics Nos. 29-31, 33, 36). Mr. Hughes is testifying regarding Eaton's policies and procedures regarding a CQM and does not otherwise call for opinions excluded by 701. | **Overruled** |
| 94:6 to 96:1 | FRE 401/402, 403, 802 R, M, C, H | Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). Eaton's initial investigation into the explosions is relevant. There is nothing confusing | **Overruled** |

| | | or misleading regarding what Eaton believes it did during the initial investigation. | |
|---|---|---|---|
| 97:14 to 100:4 | FRE 802, 701 H, Scope | Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. What Eaton did to investigate is not outside the scope of permissible testimony under 701 and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice (See Topics Nos. 36-44). | **Overruled** |
| *100:6-12* | *Objection withdrawn.* | *N/A* | **n/a** |
| 105:17 to 105:23 | FRE 403, 701 M, C, Scope | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. What Eaton did to investigate is not outside the scope of permissible testimony under 701 and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice (See Topics Nos. 36-44). | **Overruled** |
| *113:11-114:4* | *Objection withdrawn.* | *N/A* | **n/a** |
| 115:21 to 119:7 | 119:2-7-FRE 701 Scope | The choice, and the type, of materials used in the manufacturing of the Product was Topic No. 6 of the Fed. R. Civ. P. 30(b)(6) Notice. See also Topics Nos. 17-19. This | **Overruled** |

~~PROPOSED~~ PRETRIAL ORDER - Page 49

| | | | testimony is directly within that topic. | |
|---|---|---|---|---|
| 120:3 to 120:6 | FRE 701 Scope | The choice, and the type, of materials used in the manufacturing of the Product was Topic No. 6 of the Fed. R. Civ. P. 30(b)(6) Notice. See also Topics Nos. 17-19. This testimony is directly within that topic. | **Overruled** |
| 120:12 to 120:24 | FRE 701 Scope | The choice, and the type, of materials used in the manufacturing of the Product was Topic No. 6 of the Fed. R. Civ. P. 30(b)(6) Notice. See also Topics Nos. 17-19. This testimony is directly within that topic. | **Overruled** |
| *121:2-10* | *No objection.* | *N/A* | **n/a** |
| 121:11 to 122:1 | FRE 106, 701 Incomplete Designation, Scope | What Eaton recommends in its own literature is not outside the scope of permissible testimony under 701 and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice (See Topics Nos. 16-20). | **Overruled** |
| 122:17 to 124:11 | FRE 401/402, 403, 701 R, M, C, Scope | What Eaton recommends in its own literature is not outside the scope of permissible testimony under 701 and was within the scope of the Fed. R. Civ. P. 30(b)(6) Notice (See Topics Nos. 16-20). | **Overruled** |
| *124:24-125:7* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony providing Eaton's historical production of the subject unit product line, is necessary for sake of completeness/fairness given Plaintiffs' designations and is* | **Overruled** |

| | | | |
|---|---|---|---|
| | | *permissible pursuant to Rule 32(a).* | |
| *127:14-128:25* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding the relevant product build and assembly methods and product certifications, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| *129:17-130:1* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding Eaton's process for manufacture and testing of the relevant product, including hi-pot testing, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| 131:2 to 142:24 | 131:2-140:7-FRE 403 M, V, C | Eaton's packaging, shipment and transportation of the product is relevant as Eaton's expert alleges that these could be issues that caused the explosions. There is nothing confusing, cumulative or misleading to the jury for testimony explaining the packaging, shipping, transportation and handling processes. | **Overruled** |
| 145:3 to 146:9 | FRE 403, 602 M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the | **Overruled** |

| | | | |
|---|---|---|---|
| | | incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | |
| 147:2 to 147:7 | FRE 403, 602 M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Overruled** |
| 158:22 to 159:2 | FRE 403, 602 M, C, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. | **Sustained as to 158:23 (beginning after the answer "Correct.") to 159:2 (misleading, likely cumulative)** |
| 162:22 to 164:21 | FRE 403, 802, 602 M, C, H, F | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. Furthermore, Eaton's investigation into the incident was a topic of the | **Overruled** |

| | | Fed. R. Civ. P. 30(b)(6) deposition, and therefore, any objection under FRE 602 is improper. Not hearsay. See FRE 801(d)(2); Fed. R. Civ. P. 30(b)(6). | |
|---|---|---|---|
| *169:14-170:7* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony providing Eaton's position on work environment, including concerns regarding dust and debris in the subject product, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| 170:15 to 171:13 | FRE 106, Incomplete Designation, 701, Scope | This falls within Topic No. 20 regarding any manuals, diagrams, warnings and/or instructions regarding required site conditions or environment at the time of installing, replacing and/or working on the Product. It does not call for opinion testimony outside scope of 701. | **Overruled** |
| *174:11-175:6* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony providing Eaton's position on work environment, including concerns regarding dust and debris in the subject product, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| 176:10 to 181:23 | FRE 106, 701 Incomplete Designation, Scope | This falls within Topics regarding materials used in the product (Topic No. 6), warning labels, instruction | **Overruled** |

| | | | |
|---|---|---|---|
| | | manuals, etc. associated with the product (Topic Nos. 16-20), the manufacturing and assembly of the product (Topic Nos. 22-24), chain of custody, investigation and evidence preservation (Topic Nos. 35-44). It does not call for opinion testimony outside scope of 701. | |
| *187:9-189:9* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding Underwriters Laboratories standards, including specifications for live point connections within the subject unit is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| *194:10-195:16* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding pre-incident testing of the subject product and standardized labels, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| 197:8 to 197:18 | FRE 106, Incomplete Designation, 701, Scope | This falls within Topics regarding warning labels, instruction manuals, etc. associated with the product (Topic Nos. 16-20). It does not call for opinion testimony outside scope of 701. | **Overruled** |
| *204:11-23* | *Unnecessary and/or impermissible per Rule 32(a). Plaintiffs' MIL 26* | *This testimony regarding no prior similar incidents, for which sufficient foundation exists, is* | **Sustained (testimony at 204:22–23 too uncertain)** |

| | | *necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | |
|---|---|---|---|
| 212:11 to 213:5 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. | **Overruled** |
| 214:24 to 215:20 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. | **Overruled** |
| 217:22 to 218:3 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. | **Overruled** |
| *221:21-224:22* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding Eaton's role as it relates to the relevant project site, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Sustained as to 222:20–223:21** |
| *226:23-25* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding Eaton employees and their involvement with the subject project site, is necessary for sake of completeness/fairness given Plaintiffs'* | **Overruled** |

| | | | |
|---|---|---|---|
| | | *designations and is permissible pursuant to Rule 32(a).* | |
| *234:3-20* | *Unnecessary and/or impermissible per Rule 32(a). Noted objections at deposition.* | *This testimony regarding Eaton employees and their involvement with the subject project site, is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| *236:17-24* | *Unnecessary and/or impermissible per Rule 32(a).* | *This testimony regarding Eaton's Quality review and non-warranty, non-defect evaluation is necessary for sake of completeness/fairness given Plaintiffs' designations and is permissible pursuant to Rule 32(a).* | **Overruled** |
| 249:10 to 249:13 | FRE 401/402, 403 R, M, C | Eaton's initial investigation into the explosions is relevant. There is nothing confusing or misleading regarding what Eaton believes it did during the initial investigation. | **Sustained** |
| *253:11-254:18* | *Objection withdrawn. Plaintiffs' counter-designate 254:20-22 pursuant to Fed. R. Evid. 106 and Fed. R. Civ. P. 32.* | *FRE 401/402, 403 R, M, C* | **n/a** |

## IX.    ACTION BY THE COURT

(a)  This case is scheduled for trial before a jury on March 6, 2023 at 9:00 A.M.

(b)  Trial briefs shall be submitted to the court on or before February 17, 2023.

PROPOSED PRETRIAL ORDER - Page 56

1   ~~(c) Jury instructions requested by either party shall be submitted to the court on or before~~

2   ~~February 17, 2023. Suggested questions of either party to be asked of the jury by the~~

3   ~~court on voir dire shall be submitted to the court on or before February 17, 2023.~~

4   *(d)* ~~(Insert any other ruling made by the court at or before pretrial conference.)~~

5   *(e)* **The Parties are DIRECTED to submit (via email) to the Court by 5 p.m. on March 3,**

6   **2023, the exhibit list chart with any objections for any exhibits that might be used on**

7   **the first day of trial. Any objections to demonstratives that may be used during**

8   **opening statement should also be included with the exhibit list chart. Thereafter, the**

9   **parties are directed meet at a mutually agreed upon time each day during trial for the**

10   **parties to exchange a set of proposed exhibits to be used the following day. The**

11   **parties are required to confer each day following this exchange to make further**

12   **stipulations and discuss any remaining objections. To the extent any objections**

13   **remain after this conferral, the exhibit list shall be emailed to the Courtroom Deputy**

14   **by 9 p.m. each day.**

15   (f) **The Court believes that a trial length of ten days is sufficient for this case.**

17   DATED this 3rd day of March 2023.

Tana Lin
United States District Judge

FORM APPROVED

DATED this 13th day of February, 2023 in Seattle, Washington.

HWS LAW GROUP

By *s/ Anthony R. Scisciani III*
By *s/ Christopher A. Luhrs*
By *s/ Kelsey L. Shewbert*
Anthony R. Scisciani III, WSBA No. 32342
Christopher A. Luhrs, WSBA No. 43175
Kelsey L. Shewbert, WSBA No. 51214
1500 Fourth Avenue, Suite 200
Seattle, WA 98101
(206) 262-1200 Phone
ascisciani@hwslawgroup.com
cluhrs@hwslawgroup.com
kshewbert@hwslawgroup.com
Attorneys for Plaintiffs Fitzpatrick and McDade

CORR CRONIN LLP

By _____
Kelly H. Sheridan, WSBA No. 44746
Eric A. Lindberg, WSBA No. 43596
Lucio E. Maldonado, WSBA No. 54279
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154
(206) 625-8600 Phone
(206) 625-0900 Fax
ksheridan@corrcronin.com
elindberg@corrcronin.com
lmaldonado@corrcronin.com

TUCKER ELLIS LLP

By *s/ Monica W. Monroe*
Monica W. Monroe, *admitted pro hac vice*
Traci L. Shafroth, *admitted pro hac vice*
201 Mission Street, Suite 2310
San Francisco, CA 94105
(415) 617-2400 Phone
(415) 617-2409 Fax
monica.monroe@tuckerellis.com
traci.shafroth@tuckerellis.com

~~PROPOSED~~ PRETRIAL ORDER - Page 58

1

2

WEINBERG WHEELER HUDGINS GUNN &
DIAL, LLC

By _____

3

4

5

6

7

Frederick N. Sager, Jr., *admitted pro hac vice*
Wendell Franklin, *admitted pro hac vice*
3344 Peachtree Road NE, Suite 2400
Atlanta, GA 30326
(404) 876-2700 Phone
rsager@wwhgd.com
wfranklin@wwhgd.com

*Attorneys for Defendant Eaton Corporation*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26